STATE v.-DRURY LONG and others.

*Indictment—Removing Crops—Repeal of Statute.*

1, The repeal of a statute pending a prosecution for an offence created under it, arrests the proceedings and withdraws all authority to pronounce judgment even after conviction.

2. The provisions of ch. 283, Acts 1876–'7, (which act repealed the statute, Bat. Rev. ch. 64, § 15 under which the defendant was indicted) making the removal of crops under certain circumstances a misdemeanor, do not apply to antecedent acts.

(*State* v. *Nutt*, Phil. 20 ; *State* v. *Wise*, 66 N. C. 120, and 67 N. C. 281, cited and approved.)

INDICTMENT for Removing Crops tried at Spring Term, 1877, of GUILFORD Superior Court, before *Cox, J.*

The defendants, Drury Long, D. C. Long, Stephen Hussey, Linville Wood and John W. Wood, were charged with removing certain crops in violation of the statute. The facts touching the point decided by this Court sufficiently appear in the opinion delivered by THE CHIEF JUSTICE. Verdict of Guilty. Judgment. Appeal by defendants.

*Attorney General,* for the State.

*Messrs Scott & Caldwell, J. A. Gilmer* and *Thos. Ruffin* for defendants.

SMITH, C. J.   This indictment seems to have been drawn under Bat. Rev. ch. 64 § 15, against Drury Long,—tenant and lessee of land, the rent of which was to be a share of the crop,—for removing the crop grown on the land without the lessor's consent and without the notice prescribed in the statute, and against the other defendants,—as acting under the license of Long and aiding and abetting in the unlawful act.   The bill was found by the grand jury at December Term, 1876, of Guilford Superior Court, and tried at March Term, following.   The defendant, J. W. Wood, was acquitted and the other defendants found guilty ; and from the judgment rendered against them, they appealed to this Court.

The section referred to in Battle's Revisal, as also the two sections immediately preceding, were amended, and others substituted in their place by an Act of the General Assembly, ratified on the 19th of March, 1875, Laws 1874–'5, ch. 209.   Subsequently another Act was passed, which was ratified and took effect on the 12th of March, 1877, ( Laws 1876–'77 ch. 283 ) the 8th section of which in express terms repeals § § 13, 14, 15, ch. 64. Bat. Rev. and ch. 209, of the Acts of 1874–'75, and makes (§ 6 ) the removal of the crop or any part of it from the land on which it is grown, without payment of rent, without the lessor's consent, and without his having five days notice of the intended removal, a misdemeanor.   These enactments seem to have escaped the attention of the Solicitor.

It is well settled that the repeal of a statute pending a prosecution for an offence created under it, arrests the proceeding and withdraws all authority to pronounce judgment even after conviction ; and it is equally clear that no aid can be derived from the last enactment which is necessarily prospective only in its operation, and under the Constitution cannot apply to antecedent acts.   *State* v. *Nutt,*

STATE *v.* LONG.

Phil. 20 ; *State* v. *Wise*, 66 N. C. 120, and 67 N. C. 281. The motion here made in arrest of judgment is allowed.

Error.

PER CURIAM.                    Judgment arrested.

At the end of the first sentence of the statement of the case in *Capehart* v. *Biggs & Co.*, 77 N. C. 261, the following words (upon re-examination of the papers) should have been inserted,—" as was alleged by plaintiff, but denied by defendants. " This inadvertent omission was called to the attention of the Reporter by the defendants' counsel after the publication of the last volume.

In *Kahnweiler* v. *Anderson*, *ante*, 142, line 25, read,—" If an excuse is *available*, " &c.

In syllabus of *Miller* v. *Churchill*, *ante*, 372, read,—" and upon the death of M *without issue* " &c.

In *State* v. *Bowman*, *ante*, 511, line, 6, for " deceased " read, *accused*.