STATE v. ISAAC WILLIAMS.

*Penalties—Repealing Statutes.*

1. Under the provisions of §3764 of *The Code*, a suit for a forfeiture or penalty is not discontinued by a repeal of the statute giving the penalty.

2. The repeal of a statute pending a prosecution for an offence which it creates, arrests the prosecution and withdraws all authority to pronounce judgment even after conviction.

3. So, where the defendant was indicted for retailing spirituous liquors within five miles of a certain church, and pending the prosecution the act was repealed, and a new act passed limiting the distance to two miles, the judgment was arrested.

(*Governor* v. *Howard*, 1 Murp., 465; *State* v. *Cress*, 4 Jones, 421; *State* v. *Nutt*, Phil., 20; *State* v. *Long*, 78 N. C., 571; cited and approved).

INDICTMENT, tried before *Gilmer, Judge,* and a jury, at September Term, 1886, of RICHMOND Superior Court.

The defendant is charged with selling spirituous liquor to one Nathan Thomas, within five miles of Bethel Church, in the county of Richmond, in violation of §5, chapter 234, of the acts passed at the session of the General Assembly held in 1881, and upon his trial was found guilty, and adjudged to pay a fine of five dollars, at Fall Term, 1886.

From this judgment he appeals to this Court

*The Attorney-General,* for the State

*Messrs. P. D. Walker,* and *Tillett,* (*Mr. A. Burwell* was with them on the brief), for the defendant.

SMITH, C. J. The section declares, "that the sale of spirituous liquors shall be prohibited within five miles of the following places, to-wit:" designating among other places, "Bethel, Silver Grove, Holly Grove, and Carthages Creek churches in Richmond county.

At the late session, this statute, as affecting the locality of Bethel Church, was repealed, and an enactment that went into operation on March 7th, 1887, was substituted, which, among other provisions, narrowed the limits of the prohibited territory to the distance of two miles from that church, and made the sale of spirituous liquors therein an indictable offence. So that it is not criminal to do now what was done before the repeal and whereof he is convicted, and no sentence upon such a finding can be pronounced. The act punished must be *criminal when judgment is demanded,* and authority to render it must still reside in the Court. The recent statute has no saving clause, continuing it in force until pending prosecutions are ended, and in withdrawing the power, the act arrests all further action in the matter.

We are not without authority in past adjudications of the Court.

In the *Governor* v. *Howard,* 1 Murp., 465, the repeal of an act imposing a penalty was held to put an end to a suit instituted for its recovery. It is otherwise now in respect to suits for forfeitures, which proceed as if not repealed under the general law. *The Code,* §3764.

That such is the effect of a repeal of a statute making criminal an act which was not so before, upon a pending prosecution, is expressly decided in *State* v. *Cress,* 4 Jones, 421; *State* v. *Nutt,* Phil., 20, and *State* v. *Long,* 78 N. C., 571. The enactments referred to in the case last mentioned, were modifications of the first, and the last expressly repeats the provisions found in the two former, but not more effectually than does the clause in that under review, which repeals all laws inconsistent with it. "It is well settled," says the Court in *State* v. *Long,* "that the repeal of a statute pending a prosecution for an offence created under it, arrests the proceeding, and withdraws all authority to *pronounce judgment even after conviction;*" and it is equally clear that no aid can be derived from the last enactment, which is nec-

essarily prospective only in its operation, and under the Constitution cannot apply to antecedent acts.

The judgment must be arrested, to which end let this be certified.

Judgment arrested.