STATE v. J. THOMAS BROADWAY.

(Filed 27 November, 1911.)

**1. Legislative Acts—Ex Post Facto Laws—Definition.**

An *ex post facto* law is one which either makes that a crime which was not a crime at the time the offense was committed or imposes a heavier sentence than that which was prescribed by the law at the time the offense was committed.

**2. Legislative Acts — Ex Post Facto Laws — Interpretation of Statutes.**

Repeals by implication are not favored by the law, and an act which merely leaves it in the discretion of the trial judge to impose a longer sentence for an offense than that prescribed by a former act, without changing the constituent elements of the

crime, does not repeal the former act; and a subsequent sentence for the crime committed prior to the time of the enforcement of the second act, which does not exceed the limited time of punishment prescribed by the prior act, is valid.

**3. Incest—Evidence—Corroboration.**

Under an indictment for incest, proof of other acts of the same nature is competent in corroboration, and for like purpose of corroboration, evidence is also competent of cruel treatment tending to show compulsion and of pertinent statements made by the witness before the trial.

APPEAL by defendant from *Daniels, J.,* at November Term, 1911, of ROWAN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for the State.*
*M. F. Hatcher and R. Lee Wright for the defendant.*

CLARK, C. J. This is an indictment for incest, under Revisal, 3351, which provided that the punishment should be "by imprisonment in the State's Prison for a term not exceeding five years, in the discretion of the court." Laws 1911, ch. 16, amended that section "by striking out the words 'five years' in line five of said statute and inserting instead thereof the words 'fifteen years' between the words 'exceeding' and 'in,' " and provided that the amendment should be in force "from its ratification," 11 February, 1911.

The indictment was found at May Term, 1911, and the evidence showed the crime was committed prior to the act of 1911. The defense depends upon the question whether this is an *ex post facto* law.

An *ex post facto* law is one which either makes that a crime which was not a crime at the time the offense was committed or imposes a heavier sentence than that which was prescribed by law at the time the offense was committed. Here there was no change in the constituent elements of the crime. The change in the punishment took effect only, by the terms of the statute, "from its ratification," and hence did not apply to an offense which was committed prior to its enactment.

Repeals by implication are not favored by the law. In this case there is neither express repeal of any part of the statute nor any repeal by implication. The statute stands intact as it was, the Legislature simply adding ten years to the quantum of the punishment which the judge might impose. This additional ten years was to take effect in the future, and indeed under the constitutional provision forbidding *ex post facto* laws such additional punishment could not have applied to such crime unless committed after the act. The Legislature did not attempt to make it apply to crimes committed before that time, nor did the judge.

The subject is so fully and ably discussed by *Mr. Justice Walker* in *S. v. Perkins,* 141 N. C., 797, that we can add nothing thereto. He quotes from Potter's Dwarris on Statutes, 156, with approval, the following, which is conclusive of this case: "It is a general rule that subsequent statutes which add accumulated penalties and institute new methods of proceeding do not repeal former penalties and methods of procedure ordained by preceding statutes, without negative words." He also quotes with approval 26 A. and E. (2 Ed.), 726, as follows: "Every effort must be made to make all the acts stand, and the later act will not operate as a repeal of the earlier one if by any reasonable construction they can be reconciled: The repeal in any case will be measured by the extent of the conflict or the inconsistency between the acts, and if any part of the earlier can stand as not superseded by the later one, it will not be repealed." In the present case the extension of the limit of the punishment which the judge could impose *in futuro* in no wise affected the elements which constitute the crime nor the punishment which would be imposed for its commission prior to the passage of the new act.

Bishop Stat. Crimes (1873), sec. 1865, is also quoted in *S. v. Perkins,* as follows: "Where a provision of the law is thus modified or cut short, it is not in any proper sense repealed. And we may lay down the doctrine broadly that no repeal takes place if the earlier provision can stand, to any extent consistently with the later." In *S. v. Putney,* 61 N. C., 543, which is also quoted in *S. v. Perkins, supra,* we have a case which is on all-fours with the present. In that case the offense of stealing

a mule was punished by imprisonment, whipping, and fine, or either, at the discretion of the court. The act of 1867 made the stealing of a mule punishable with death, and the point was made, as here, that the defendant could not be punished under the former statute, because it was repealed by the new. But the Court held that the act of 1867 did not repeal the former law, but merely made the increase of punishment prospective, and that it should read as if written, "If any person shall hereafter steal a mule, etc., he shall suffer death," and held that all larcenies of that nature committed before the act should be tried and punished without reference thereto.

The defendant in this case relied upon *S. v. Massey*, 103 N. C., 360, but *Judge Walker* in *S. v. Perkins, supra*, well says: "*S. v. Massey* was decided upon the theory that the later statute by its very terms, and as if in so many words, had unqualifiedly and expressly repealed the earlier one." In *S. v. Massey*, 97 N. C., 465, it was held, "Where a statute only undertakes to amend one already on the statute-books, it may be presumed that it did not intend to repeal it, unless there is an express repealing clause."

The exception to proof of other acts of the same nature cannot be sustained. They are competent in corroboration, Underhill Crim. Ev., sec. 396; 22 Cyc., 53, as was also evidence of cruel treatment of the daughter offered to show compulsion, 22 Cyc., 53. The evidence of similar statements made by the witness before the trial was also competent as corroborative evidence, and this may be shown by the witness himself. *S. v. Freeman*, 100 N. C., 434; *S. v. Maultsby*, 130 N. C., 665.

No error.