# GULF, COLORADO & SANTA FE RAILWAY CO. *v.* DENNIS.

### ERROR TO THE COUNTY COURT OF MILAM COUNTY, STATE OF TEXAS.

No. 203. Submitted March 6, 1912.—Decided April 29, 1912.

The county court in Texas, being the highest court of the State to which the case could be carried, considering the amount involved, held that a railroad company was liable not only for the damages claimed, but also for an attorney's fee under Chapter 47, Laws of Texas, 1909. The railroad company sued out a writ of error from this court, having insisted in the state court that the statute violated the due process and equal protection clauses of the Federal Constitution. Before the case was reached in this court, the highest court of the State in another case adjudged the statute to be violative of a provision in the state constitution and void. That fact being brought to the attention of this court, *held* that:

The case not having been finally terminated, the right to the attorney's fee is still *sub judice*, and effect must be given by this court to the intervening decision of the highest state court and, as to dismiss the writ would leave the judgment to be enforced as rendered, the proper procedure is to vacate the judgment and remand the case to the county court so that it may give effect to the intervening decision of the highest state court.

In the exercise of its appellate jurisdiction over the courts of the several States, this court is not absolutely confined to the consideration and decision of the Federal questions, but may inquire whether, owing to any intervening event, such questions have ceased to be material, and dispose of the case in the light of that event.

THE facts are stated in the opinion.

*Mr. J. W. Terry, Mr. Gardiner Lathrop, Mr. A. H. Culwell, Mr. A. B. Browne, Mr. Alexander Britton* and *Mr. Evans Browne,* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action to recover damages from a railway company for the killing of a cow by one of its trains in Milam County, Texas. The case originated in a justice's court and was carried by appeal to the County Court, where the plaintiff obtained a judgment for $75 as damages and $20 as attorney's fee. The attorney's fee was awarded under a statute of the State (Laws of 1909, c. 47, p. 93) which the company insisted was repugnant to the due process of law and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. The insistence was overruled and the company sued out this writ of error, the County Court being the highest court in the State to which the case could be carried, considering the amount involved.

Since the case was brought here the statute under which the attorney's fee was awarded has been adjudged invalid under the state constitution, by the highest court of the State, because the subject to which it relates is not sufficiently expressed in its title. *Ft. Worth & D. C. Ry. Co.* v. *Loyd,* 132 S. W. Rep. 899. Thus, the judgment of the County Court and the later decision of the highest court of the State are not in accord. The former proceeds upon the theory that the statute is valid under the state constitution, while the latter conclusively establishes that it is invalid. In these circumstances, what is the duty of this court respecting this matter of local law? Must we proceed upon the same theory as did the County Court, or must we give effect to the later decision of the highest court of the State? If we take the latter course and reverse the judgment for the attorney's fee, the question of the validity of the statute under the Fourteenth Amendment need not be considered; otherwise, it must be. The intervening decision does not in itself annul the judgment for the fee or prevent its enforcement, and so does not render the Federal question a moot one, unless it operates to place upon us the duty of reversing the judgment without regard to the merits of that question.

The case is still pending. The right to the attorney's fee is still *sub judice.* It depends entirely upon the statute, and the highest court of the State has pronounced the statute invalid under the state constitution. How, then, can we sustain the right or give effect to the statute? Should we not in this situation apply the settled rule, that the decision of the highest court of a State declaring a statute of the State valid or invalid under the state constitution must be accepted by this court? If this were a criminal case, wherein the accused had been convicted of a violation of a state statute, alleged to be repugnant to the Constitution of the United States, would we not give effect to an intervening decision of the highest court of the

State declaring the statute invalid under the state con-stitution? These questions may not be directly answered by the prior decisions of this court, but their right solution is more than suggested by the well-recognized rule of de-cision, that when, during the pendency in an appellate court of an action for a penalty, civil or criminal, the statute prescribing the penalty is repealed, without any saving clause, the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered. *United States* v. *Schooner Peggy*, 1 Cranch, 103, 110; *Yeaton* v. *United States*, 5 Cranch, 281; *Schooner Rachel* v. *United States*, 6 Cranch, 329; *Vance* v. *Rankin*, 194 Illinois, 625; *Hartung* v. *People*, 22 N. Y. 95; *Musgrove* v. *Vicksburg & Nashville R. R. Co.*, 50 Mississippi, 677; *Montague* v. *State*, 54 Maryland, 481; *Denver & R. G. Ry. Co.* v. *Crawford*, 11 Colorado, 598; *Sheppard* v. *State*, 1 Tex. App. 522; *Kenyon* v. *State*, 31 Tex. Cr. 13; Cooley's Const. Lim., 6th ed., 469; 2 Suther-land Stat. Con., 2d ed., § 286. In the first of the cases cited it was said by Chief Justice Marshall:

"It is in the general true that the province of an ap-pellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation de-nied. . . . In such a case the court must decide ac-cording to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

We think what was there said is, in principle, applicable here. For while on a writ of error to a state court our province ordinarily is only to inquire whether that court has erred in the decision of some Federal question, it does

not follow that where, pending the writ, a statute of the State or a decision of its highest judicial tribunal intervenes and puts an end to the right which the judgment sustains, we should ignore the changed situation and affirm or reverse the judgment with sole regard to the Federal question. On the contrary, we are of opinion that in such a case it becomes our duty to recognize the changed situation, and either to apply the intervening law or decision or to set aside the judgment and remand the case so that the state court may do so. To do this is not to review, in any proper sense of the term, the decision of that court upon a non-Federal question, but only to give effect to a matter arising since its judgment and bearing directly upon the right disposition of the case.

This view of the subject received practical recognition in the case of *Pacific Mail Steamship Co.* v. *Joliffe*, 2 Wall. 450. It was an action in a California court to recover half-pilotage fees allowed by a law of that State to a licensed port pilot whose services were tendered and declined. Objections of a Federal nature were interposed, but judgment was given for the plaintiff, and the case was then brought here. During its pendency in this court the legislature of the State passed a new statute, embodying the provisions of the prior law, with some modifications, and also in terms repealing it. The point was then made that the repealing clause terminated the right to recover and therefore that the action could no longer be maintained. And while the question whether the simultaneous reënactment and repeal of the prior law interrupted its continuity was a question of local law, it was fully considered, and the conclusion was reached that in practical operation and effect there was no repeal, but only a continuance of the prior law, with modifications not there material, thus leaving the right to recover and the Federal questions unaffected. The latter were then considered, and, being found untenable, the judgment was affirmed. In a dis-

senting opinion, having the approval of three members of
the court, it was maintained that the new act abrogated
the prior law, thereby putting an end to the right to re-
cover, and that in consequence the judgment should be
reversed, with a direction to dismiss the action. Thus, the
entire court proceeded upon the theory that it was neces-
sary to inquire whether the intervening statute put an
end to the right to the fees in question, and, if so, to give
effect to the statute accordingly.

Almost from the beginning it has been the settled rule
in this court that when, pending a writ of error to a lower
Federal court, and without the fault of the defendant in
error, an event occurs which renders it impossible, if the
case was decided in favor of the plaintiff in error, to grant
him any effectual relief whatever, the court will not pro-
ceed to a formal judgment, but will dismiss the writ. And
in *Kimball* v. *Kimball,* 174 U. S. 158, it became necessary
to consider whether this rule was applicable to a case
brought here on a writ of error to a state court. The
question was resolved in the affirmative, and it was said
(p. 162):

"From the necessity of the case, this court is compelled,
as all other courts are, to allow facts which affect its right
and its duty to proceed in the exercise of its appellate
jurisdiction, but which do not appear upon the record
before it, to be proved by extrinsic evidence. *Dakota
County* v. *Glidden,* 113 U. S. 222, 225, 226; *Mills* v. *Green,*
above cited [159 U. S. 651, 653]. The reasons are quite as
strong, to say the least, for applying the rule to a writ of
error to a state court, on which the jurisdiction of this
court is limited to Federal questions only, as to a writ of
error to a Circuit Court of the United States, on which the
jurisdiction of this court extends to the whole case."

We conclude that in the exercise of our appellate juris-
diction over the courts of the several States we are not
absolutely confined to the consideration and decision of the

Federal questions presented, but as a necessary incident of that jurisdiction are authorized to inquire whether by some intervening event those questions have ceased to be material to the right disposition of any particular case, and to dispose of it in the light of that event.

The present case is not one in which the writ should be dismissed, because that would leave the judgment to be enforced as rendered, which the intervening decision shows ought not to be done. Instead of being an obstacle to granting any effectual relief to the plaintiff in error, that decision constitutes in itself an all-sufficient ground for relieving it from the attorney's fee, independently of the Federal question presented on the record; and for the reasons before stated we think it becomes our duty to vacate the judgment so that the state court may apply the decision by awarding a new judgment in conformity therewith.

The judgment is accordingly reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*