STATE v. OBE MULL.

(Filed 26 November, 1919.)

**Statutes—Amendatory—Prospective Effect—Intoxicating Liquors—Criminal Law—Punishments.**

A public-local law making the selling of intoxicating liquors in a certain county a misdemeanor is not repealed by a later statute, making the same offense for the first time punishable by "a fine or imprisonment in the discretion of the court," and a felony for the second offense; the later statute

expressly stating in the heading of the chapter that it was amendatory, and for the better enforcement, of the former statute, and that it was to take effect from and after its ratification; and where the prohibited offense has been committed prior to the enactment of the latter act, it is punishable under the prior law. Rev., 2832, 5455, 5456.

APPEAL by defendant from *Harding, J.,* at August Term, 1919, of BURKE.

The defendant was convicted for selling spirituous liquors to one W. T. Mace. There was evidence of a sale of spirituous liquors on 20 December, 1918, but at no other time, and there was no evidence tending to show a sale subsequent to 23 January, 1919.

There was a motion for nonsuit, which was refused, and defendant excepted. The defendant requested the court to instruct the jury that if they found that the defendant retailed spirituous liquors in Burke County prior to 23 January, 1919, and not since that date, they should return a verdict of not guilty for the reason that under the act ratified that day the offense of retailing was made a felony. The prayer was refused and the defendant again excepted, and also to the instruction that if the jury believed the evidence they should return a verdict of guilty. The jury found the defendants guilty of misdemeanor as charged in the indictment, and from the judgment thereon the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John Mull and S. J. Ervin for defendant.*

CLARK, C. J. The evidence was uncontradicted that the defendant on 20 December, 1918, retailed and sold spirituous liquors unlawfully and willfully in the county of Burke. The defendant offered no testimony, was convicted and sentenced for the misdemeanor as charged.

The defendant urges that this was error because Public-Local Laws 1919, ch. 2, ratified 23 January, 1919, provided that retailing spirituous liquors in the county of Burke should be a felony. But that act was made prospective, for it provided that it should "take effect from its ratification," and that it repealed all laws in conflict therewith.

This could have no application to the offense of selling spirituous liquors in that county, which was alleged and proven to have occurred on 20 December, 1918, prior to the act. This act was prospective, by its terms taking effect only from its ratification (on 23 January, 1919), and was not in conflict with the previous act making it a misdemeanor, which was in force 20 December, 1918.

This highly technical objection may have been presented by the defendant to see "how it would strike the Court." It has more than once

been before the Court and disallowed. In *S. v. Putney*, 61 N. C., 543, the Act of 25 February, 1867, punished the stealing of a mule with death. It was held that this act did not repeal the previous statute which punished that crime with a lesser punishment, and therefore did not affect a conviction for stealing a mule at a time previous to this act which increased the punishment to the death penalty.

*Reade, J.*, says, with his usual incisive common sense: "It is insisted that the defendant cannot be punished at all; not under the statute of 1866-7, ch. 72 (ratified 25 February, 1867), because the offense was committed prior thereto, and not under the old law, because it is repealed by the new. It is true that the defendant cannot be punished under a law which was not in existence at a time when the offense was committed, because that law would be *ex post facto*, unless where it lessens the punishment. It is equally true that where a new law expressly or impliedly repeals the old law there can be no conviction under the old law. But the Act of 1866-7 does not repeal the old law, but is only prospective in its character." The act simply provided that "Any one convicted of larceny of a horse, etc., should suffer death," and recited that it was "ratified 25 February, 1867."

*Judge Reade*, speaking for a unanimous Court, said that it should be read as if it said: "If any person shall hereafter steal a mule he shall suffer death." This was because the act could not take effect as a matter of law as to offenses committed prior to that time unless it was expressly so stated, and even then it could not have any effect as to an increase of punishment, because such law would be *ex post facto*.

In *S. v. Massey*, 97 N. C., 465, it was held, "Where a statute only undertakes to amend one already on the statute books, it will be presumed that it did not intend to repeal it unless there is an express repealing clause," *Merrimon, J.*, saying: "The amendatory statute does not purport to repeal the statute it amends; it contains no repealing clause, and it seems to operate only *prospectively* from the date of its ratification, leaving the statute still operative as to offenses theretofore committed. It can scarcely be supposed that the Legislature intended to allow persons who had violated the statute before the amendment of it to go unpunished; if it had so intended it would most likely have incorporated into the amendatory statute an express clause of repeal."

In *S. v. Massey*, 103 N. C., 356, a divided Court held that in the absence of a saving clause the subsequent act released from liability all who had committed offenses prior to the act increasing the punishment. But *Smith, C. J.*, and *Merrimon* (later *C. J.*) dissented.

In *S. v. Perkins*, 141 N. C., 797, it was held: "Chapter 497, Laws 1905, which enacts that the sale of liquor shall be prohibited in Union County, and provides that all laws and clauses of laws in conflict with

STATE *v.* MULL.

the act are repealed, and that the act shall take effect 1 June, 1905, is prospective in its operation and applies only to sales after 1 June, 1905, and does not repeal chapter 434, Laws 1903, prohibiting the sale of liquor in said county as to sales made prior to 1 June, 1905."

In that case *Walker, J.,* says: "The act of 1905 does not expressly and unqualifiedly repeal the act of 1903, but repeals it only to the extent that it conflicts with it. If the Legislature had intended to repeal the act of 1903 absolutely, it was easy to express that intention in words of unmistakable meaning; but it preferred not to do so, but to repeal it only so far as it is repugnant to the provisions of the later statute. The act of 1905 is made by its very language prospective in its operation. It refers to sales made after 1 June, 1905, *when it became effective,* and could not under our Constitution apply to antecedent acts so as to make them criminal or punishable if not so at the time they were committed. If it does not affect prior acts which are covered only by the earlier statute, how can it be said to conflict with the latter as to those acts? There can be no repugnancy except as to the offenses which are punishable under the later statute, and as to these the earlier statute is repealed, and it has no further operation. Repeals by implication are not favored, and they should not be extended so as to include cases not within the intention of the Legislature."

This unanswerable argument applies to this case, where it is specified that the act is to take effect "from and after its ratification" 23 January, 1919, and therefore prospectively only. There can be no doubt of the intention of the Legislature in the present case, for the title of chapter 2, Public-Local Laws 1919, is "An act to amend the prohibition law and to provide for the better enforcement of the same in Burke County." There is certainly no intention in this, nor in the body of the act, to turn loose all those who had violated the law in force prior to the passage of the act, but to increase the penalty and to make prohibition more effective. Besides, the act does not increase the penalty or change the law theretofore in force, even as to the penalty, for it provides that "upon conviction of the first offense the defendant shall be imprisoned or fined, in the discretion of the court"; and there is no allegation or proof that this was not the first offense. It is true that it is provided that out of the fine $50 shall be taxed in favor of officers procuring the evidence against the party convicted, but that is not an increase of the punishment, which for the first offense remained as before—"fine or imprisonment, in the discretion of the court."

In *S. v. Perkins, supra, Walker, J.,* speaking for a unanimous Court, has so fully and completely stated the law applicable, affirming *S. v. Putney,* that nothing can be added. He says: "It can make no difference how the intention of the Legislature, that an act should have pros-

pective operation, is expressed; whether it is done by unequivocal terms in the act or by a proviso, or is to be gathered from its general scope and tenor, so that it appears with sufficient clearness that such is the intention."

In this case it is clearly said that the act is to "take effect from and after its ratification," i. e., 23 January, 1919, and, as said in S. v. Perkins, it cannot conflict with previous laws punishing the crime, "except those committed after the new act took effect."

Mr. Justice Walker, at the conclusion of his opinion in S. v. Perkins (p. 808) says, in language specially pertinent to the present case: "The spirit and purpose of the two acts and the object with which they were passed forbid the conclusion that the Legislature intended a repeal of the prior act. The Legislature, when it passed the second act, was apparently not in a forgiving mood. The evils of intemperance no doubt had increased and called for more stringent provisions for the future, but not for the exercise of mercy in dealing with past offenses." S. v. Perkins, 141 N. C., 797, is cited and approved; S. v. Russell (Walker, J.), 164 N. C., 484; S. v. Johnson (Allen, J.), 171 N. C., 801, 802; Sanatorium v. State Treasurer (Hoke, J.), 173 N. C., 810.

In S. v. Broadway, 157 N. C., 600, the whole subject is reviewed, discussing S. v. Putney, S. v. Perkins, and S. v. Massey, affirming the two cases first named and approving the explanation of S. v. Massey made by Walker, J., in S. v. Perkins, which was as follows: "S. v. Massey, 103 N. C., 360, was decided upon the theory that the later statute by its very terms, and as if in so many words had unqualifiedly and expressly repealed the earlier one," saying further that in S. v. Massey, 97 N. C., 465, it was held, "Where a statute only undertakes to amend one already on the statute books it may be presumed that it did not intend to repeal it unless there is an express repealing clause."

In S. v. Broadway, supra, it was held: "Repeals by implication are not favored by the law, and an act which merely leaves it in the discretion of the trial judge to impose a longer sentence for an offense than that prescribed by a former act, without changing the constituent elements of the crime, does not repeal the former act; and a subsequent sentence for the crime committed prior to the time of the enforcement of the second act, which does not exceed the limited time of punishment prescribed by the prior act, is valid."

Revisal, 2832, provides that where a part of a statute is amended (as in this case, merely by changing the punishment after the first offense) it is not to be considered as repealed, but simply as a reënactment, except as to the new provision, which is to take effect from the time of the amendment. See cases cited under that section; and Revisal, 5455, expressly provides: "No offense committed and no penalty or forfeiture

incurred under any of the statutes hereby repealed, and before the time when such repeal shall take effect, shall be affected by the repeal." To same effect, section 5456. This shows the policy of our legislation on this subject.

No error.