STATE v. JOE B. DRIVER.

(Filed 20 May 1964.)

**1. Criminal Law § 134; Constitutional Law § 36—**

    The Legislature may require the courts to take into account in imposing punishment the persistence of an accused in a course of criminal conduct, and thus provide a more severe penalty for repeated violations by a person of the same statute.

**2. Constitutional Law § 36; Disorderly Conduct and Public Drunkenness—**

    A jail sentence of two years imposed upon a defendant convicted in Durham County of public drunkenness constituting a fifth offense within a twelve month period is authorized by G.S. 14-335(12), and defendant's contention that such sentence is cruel and unusual punishment in view of the fact that he is an admitted alcoholic is not tenable.

APPEAL by defendant from *Mallard, J.,* January, 1964 Criminal Session, DURHAM Superior Court.

Criminal prosecution upon two charges of public drunkenness, each a fifth offense within a 12-months period. To each of the charges the defendant entered a plea of guilty. The defendant testified: "I am 58 years old and was first arrested for drunkenness at age 24. Since then I have spent two-thirds of my life on the roads for drinking. Yes sir, I consider myself an alcoholic. I want to do something about it but it don't look like I can. For seven years I have been rated totally disabled."

The court imposed a jail sentence of two years in each case, the sentences to run concurrently. The defendant appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*Brannon & Read by Anthony M. Brannon for defendant appellant.*

PER CURIAM. The court-appointed counsel advanced this argument: "The present defendant is an alcoholic and this fact is acknowledged by all who have come into contact with him, from the arresting officer to the Court which sentenced him. This alcoholism, while not the reason for his imprisonment, is certainly the cause of it. His addiction has put him in jail. Yet he has not been assigned to a medical rehabilitation center but sent to the roads. As an impoverished inmate he cannot obtain outside medical aid. So for two years the State of North Carolina impounds the defendant, an acknowledgedly ill man, beyond the reach of medical and psychological treatment. Such imprisonment without treatment is certainly Cruel and Unusual Punishment."

The sentences imposed are· authorized by G.S. 14-335(12), 1963 Cumulative Supplement, Vol. B-1. Undoubtedly, the Legislature may require the courts to take into account in fixing punishment the persistence of an accused in a course of criminal conduct. The prison authorities provide medical treatment for prisoners during their confinement. The argument of defense counsel in other matters addresses itself more properly to society and other agencies of government rather than to the criminal courts. The defendant's motion in arrest of judgment is denied. Defendant's attorney of record consents to the motion of the Attorney General suggesting diminution of the record. The motion is allowed.

No error.