STATE OF NORTH CAROLINA v. FRED S. PARDON.

(Filed 22 November, 1967.)

**1. Criminal Law § 166—**

Exceptions and assignments of error not brought forward in the brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

**2. Constitutional Law § 36;   Disorderly Conduct and Public Drunkenness—**

Prior to the enactment of Chapter 1256, Session Laws of 1967, a sentence of eight months imprisonment, imposed upon a third conviction of public drunkenness within a twelve-month period, was within the two-year maximum sentence permitted for a misdemeanor, and did not constitute cruel and unusual punishment in the constitutional sense.

**3. Disorderly Conduct and Public Drunkenness—**

Chapter 1256, Session Laws of 1967, rewriting G.S. 14-335, did not repeal the public drunkenness statute, but had the effect of reducing and making uniform throughout the State the maximum ·punishment for the offense of public drunkenness, and of establishing chronic alcoholism as an affirmative defense to the offense.

**4. Criminal Law § 1—**

It is a general rule that where a criminal statute is expressly and unqualifiedly repealed after a crime has been committed but before a final judgment has been entered upon conviction, no punishment can be imposed.

**5. Criminal Law § 134—**

A judgment imposed in a criminal case is not a final judgment as long as the case is pending on appeal.

**6. Constitutional Law § 35—**

An attempt by statute to increase the punishment for a criminal act committed before the enactment of the statute is invalid as *ex post facto* legislation.

**7. Same; Criminal Law § 138—**

Where the law under which a defendant was convicted is amended pending appeal so as to reduce the punishment that could be imposed under the prior law, the defendant is entitled to mitigation of sentence in conformity with the new law.

**8. Same; Disorderly Conduct and Public Drunkenness— Amendment of statute pending defendant's appeal held to inure to defendant's benefit.**

Pending an appeal from a judgment imposing a term of eight months' imprisonment upon defendant's plea of guilty to a charge of public drunkenness, such judgment constituting the fourteenth conviction of defendant of the offense within a twelve-month period, the Legislature enacted Chapter 1256, Session Laws of 1967, which rewrote G.S. 14-335 by decreasing the punishment for a second, or subsequent, conviction of public drunkenness within a twelve-month period, and, in addition, by creating the defense of chronic alcoholism. *Held:* Defendant is entitled, at the least, to a mitigation of sentence in conformity with Chapter 1256, but, in view of evidence at the trial of this case tending to show that the defendant is a chronic alcoholic, he is entitled to a trial *de novo* so that he may have an opportunity to plead and prove the defense of chronic alcoholism.

APPEAL by defendants from *Johnston, J.,* 1 May 1967 Non-Jury Mixed Session of FORSYTH.

In a warrant issued by the Municipal Court of the City of Winston-Salem, defendant was charged with public drunkenness on 13 April 1967, the offense being his fourteenth within a period of twelve months. Upon his plea of guilty, defendant was sentenced to ninety days in prison. He appealed to the Superior Court, where he again pleaded guilty.

The judge examined defendant, who was not represented by counsel, for the purpose of determining what sentence to impose. His examination and investigation revealed that defendant is a chronic alcoholic, who has been convicted of public drunkenness in excess of fifty times. He has been in institutions for alcoholics in Missouri and Kentucky. Defendant's record also included numerous convictions of traffic violations and larceny, vagrancy, gambling, trespass, and forgery, as well as a number of other offenses. At the time he was arrested for public drunkenness on 13 April 1967, he was a patient at the Veterans Hospital in Durham but was at home on "a weekend pass." He requested the court not to send him to prison but to commit him to "an institution" for an indefinite period of time. The court, being informed that the Veterans Hospital would not readmit defendant and being of the opinion that a term in prison was "all that is left to do," sentenced defendant to eight months in jail. From this judgment defendant appeals.

*T. W. Bruton, Attorney General, and Ralph Moody, Deputy Attorney General, for the State.*
*Charles Lawrence James for defendant appellant.*

SHARP, J. In his brief, appellant brings forward only his exception to the eight-months' sentence. He thereby abandoned all others. Rule 28, Rules of Practice in the Supreme Court of North Carolina.

At the time defendant was sentenced on 2 May 1967, G.S. 14-335(11) (1965 Cumulative Supplement) made the third offense of public drunkenness within any twelve-months' period a general misdemeanor punishable within the discretion of the court. On that date, a sentence of eight months, being within the two-year maximum sentence permitted for misdemeanors, was not cruel and unusual punishment. *State v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854; *State v. Driver,* 262 N.C. 92, 136 S.E. 2d 208; *State v. Farrington,* 141 N.C. 844, 53 S.E. 954. While the appeal in this case was pending, however, the legislature by Chapter 1256 of the Session Laws of 1967, rewrote G.S. 14-335 to make the punishment for public drunkenness uniform throughout the State. In doing so, it reduced the maximum prison sentence of thirty days to twenty days for the first offense. For any subsequent offense within a twelve-months' period, it made the punishment a fine of not more than $50.00 or imprisonment of not more than twenty days in the county jail or commitment to the custody of the Director of Prisons for an indeterminate sentence of not less than thirty days and not more than six months. It also made chronic alcoholism an affirmative defense to the charge

of public drunkenness and empowered the court to retain jurisdiction over the alcoholic for a period of two years for the purpose of supervising his treatment for the disease.

The effect of Chapter 1256 was not to repeal the statute against public drunkenness, G.S. 12-4, but — as of 6 July 1967 — to reduce and make uniform the maximum punishment for the offense. See *Houston v. State,* 143 Tex. Crim. 460, 158 S.W. 2d 1004. The question posed by this appeal, therefore, is whether the changes in the law, which occurred while defendant's appeal was pending, inure to his benefit.

The rule is that when a criminal statute is expressly and unqualifiedly repealed after the crime has been committed, but before *final judgment* — even though after conviction —, no punishment can be imposed. *State v. Perkins,* 141 N.C. 797, 53 S.E. 735; *United States v. Chambers,* 291 U.S. 217, 78 L. Ed. 763, 54 S. Ct. 434. A judgment is not final as long as the case is pending on appeal. The headnote in *State v. Nutt,* 61 N.C. 20, succinctly states the rule: "If, pending an appeal in a criminal case, the statute authorizing the indictment is repealed, judgment will be arrested." In *State v. Williams,* 97 N.C. 455, 2 S.E. 55, the defendant was convicted in September 1886 of selling spirituous liquor within five miles of Bethel Church and fined five dollars. From this judgment he appealed to the Supreme Court. On 7 March 1887, while the appeal was pending, the legislature narrowed the limits of the prohibited territory to two miles from that church. In ordering the judgment arrested, Smith, C.J., speaking for the Court, stated the reason for the rule:

> "So that it is not criminal to do now what was done before the repeal and whereof he is convicted, and no sentence upon such a finding can be pronounced. The act punished must be *criminal when judgment is demanded,* and authority to render it must still reside in the court. The recent statute has no saving clause, continuing it in force until pending prosecutions are ended, and in withdrawing the power, the act arrests all further action in the matter." *Id.* at 456, 2 S.E. at 56.

*Accord, In Re Estrada,* 63 Cal. 2d 740, 48 Cal. Rptr. 172, 408 P. 2d 948; 24 C.J.S. Criminal Law § 1544 (1961).

Statutes are frequently adopted which change the degree and kind of punishment to be imposed for a criminal act. Where the punishment is increased, and the old law is not expressly or impliedly repealed by the new, which is prospective only in its application, punishment will be imposed under the prior law. *State v. Mull,* 178 N.C. 748, 101 S.E. 89; *State v. Broadway,* 157 N.C. 598, 72 S.E. 987; *State v. Perkins, supra; State v. Putney,* 61 N.C. 543. Any statutory

attempt to increase the punishment of a crime committed before its enactment is, of course, invalid as *ex post facto* legislation. 21 Am. Jur. 2d Criminal Law § 578 (1965). In the words of Chase, Justice, *ex post facto* laws are:

> "1st. Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull*, 3 Dall. 386, 390, 1 L. Ed. 648, 650.

"The rule is, not that the punishment cannot be *changed*, but that it cannot be *aggravated*." *State v. Kent*, 65 N.C. 311, 312; 16 Am. Jur. 2d Constitutional Law §§ 400, 403 (1964). See *Sekt v. Justice's Court*, 26 Cal. 2d 297, 159 P. 2d 17; 167 A.L.R. 833. The legislature may always *remove* a burden imposed upon citizens for State purposes. And, when this occurs pending an appeal, absent a saving clause, a manifest legislative intent to the contrary, or a constitutional prohibition, the appellate court must give effect to the new law. *State, use of Mayor & C. C. of Balto., vs. Norwood, et. al.*, 12 Md. 195. See *State v. Williams*, 45 Am. Dec. 741 (S.C.), 2 Richardson's Law 418; *Moorehead v. Hunter*, 198 F. 2d 52 (10th Cir.) (*habeas corpus* proceeding). Since the judgment is not final pending appeal "the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered." *Gulf, Col. & S. F. Ry. v. Dennis*, 224 U.S. 503, 506, 56 L. Ed. 860, 861, 32 S. Ct. 542, 543.

An amendatory act which imposes a lighter punishment can be constitutionally applied to acts committed before its passage. *In re Estrada, supra.* After a defendant, who did not appeal, has begun serving his sentence, a change or repeal of the law under which he was convicted does not affect his sentence absent a retrospective provision in the statute. Orfield, Criminal Procedure from Arrest to Appeal 589 (1947). When, however, the law under which a defendant was convicted is amended pending appeal so as to mitigate the punishment, it is logical to assume that the legislature intended the new punishment, which it now feels fits the crime, to apply whenever possible. This is especially true when the legislation is enacted

for the purpose of combatting alcoholism and rehabilitating alcoholics. As Peters, J., speaking for the court in *In Re Estrada, supra,* said:

> "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. . . . [T]o hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." 63 Cal. 2d 740, 745, 48 Cal. Rptr. at 175, 408 P. 2d at 951.

In *In Re Estrada, supra,* the Supreme Court of California reconsidered and disapproved the four-to-three decision in *People v. Harmon,* 54 Cal. 2d 9, 4 Cal. Rptr. 161, 351 P. 2d 329, that the punishment in effect when a crime is committed prevails. In doing so it relied upon the rationale forcefully expressed in *People v. Oliver,* 1 N.Y. 2d 152, 151 N.Y.S. 2d 367, 134 N.E. 2d 197:

> "This application of statutes reducing punishment accords with the best modern theories concerning the functions of punishment in criminal law. According to these theories, the punishment or treatment of criminal offenders is directed toward one or more of three ends: (1) to discourage and act as a deterrent upon future criminal activity, (2) to confine the offender so that he may not harm society and (3) to correct and rehabilitate the offender. There is no place in the scheme for punishment for its own sake, the product simply of vengeance or retribution. . . . A legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law. Nothing is to be gained by imposing the more severe penalty after such a pronouncement; the excess in punishment can, by hypothesis, serve no purpose other than to satisfy a desire for vengeance. As to a mitigation of penalties, then, it is safe to assume, as the modern rule does, that it was the legislative design that the lighter penalty should be imposed in all cases that subsequently reach the courts." *Id.* at 160, 151 N.Y.S. 2d at 373, 134 N.E. 2d at 201-02.

In addition to mitigating the punishment, the provisions of Chapter 1256, G.S. 14-335(c), make chronic alcoholism a defense to the *crime* of public drunkenness. Thus, an accused who is able to establish this affirmative defense exonerates himself of crime and subjects himself to enforced rehabilitative treatment. That defendant is, and was at the time of his trial, a chronic alcoholic is unquestioned on the record before us. If he were not, however, he would be entitled to have his sentence decreased in conformity with G.S. 14-335 (1967). *A fortiori,* notwithstanding his plea of guilty, under the facts here disclosed, he is also entitled to the benefit of the change in the law which would allow him to prove that his conduct on 13 April 1967 was not criminal.

The judgment below is vacated, and the case is remanded to the Superior Court for a trial *de novo* in which defendant will be entitled to prove, if he can, the affirmative defense of chronic alcoholism.

New trial.