STATE OF NORTH CAROLINA v. WILLIE ALBERT CURRIE

No. 85

(Filed 25 January 1974)

Criminal. Law § 127; Statutes § 11; Weapons and Firearms — possession of firearm by felon — statute amended pending defendant's appeal — judgment arrested

Since the Felony Firearms Act applies only to those who are no longer citizens by reason of a prior conviction. of a felony, and defendant's citizenship had not been restored at the time of his trial for possession of a firearm, his conviction under the Act was proper; however, revision of G.S. 13-1 to 13-4 while defendant's appeal was pending to provide for automatic restoration of citizenship to persons convicted of a felony thereby exempted defendant from provisions of the Felony Firearms Act, and the judgment entered against him must therefore be arrested.

APPEAL by the State from decision of the North Carolina Court of Appeals arresting the judgment of *Martin, S. J.*, at the 19 February 1973 Criminal Session of CUMBERLAND Superior Court, reported in 19 N.C. App. 241, 198 S.E. 2d 491 (1973).

Defendant was tried on an indictment charging him with the felonious possession of a firearm in violation of G.S. 14-415.1. From a verdict of guilty and a judgment imposing a sentence of imprisonment for not less than nine years nor more than ten years, defendant appealed to the Court of Appeals. That court in an opinion by Judge Campbell, concurred in by Judge Hedrick, ordered the judgment arrested. Judge Baley dissented and the State appealed, pursuant to G.S. 7A-30(2).

The State's evidence tends to show that on 15 September 1972 a confidential informant told Officer W. L. Davis of the Fayetteville Police Department that he had seen a large quantity of heroin, which he valued at approximately $30,000, at defendant's home in Fayetteville, North Carolina. The informant had also observed defendant selling heroin to several persons. Based on this information, and because the informant had in the past

provided information resulting in the arrest and conviction of drug dealers and users in the Fayetteville area, Officer Davis obtained a search warrant for defendant's home. On the same day Officer Davis, accompanied by four other officers, entered defendant's house and read the warrant in the presence of defendant and the other occupants. The search revealed the following items: a marijuana cigarette, 206 syringes, 5 pistols, a rifle, a shotgun, and $500 in cash. Defendant admitted that he was the owner of one of the pistols, but claimed the other firearms belonged to various friends who had left them at his house. The arresting officer knew that defendant had previously been convicted of the felony of selling marijuana, and consequently charged him with the felonious possession of a firearm in violation of G.S. 14-415.1.

Defendant did not testify or offer any evidence. His counsel, at various stages of the trial, made the following motions: To quash the bill of indictment because G.S. 14-415.1 is unconstitutional and because of the form and insufficiency of the bill; to grant defendant judgment as in the case of nonsuit; and to arrest the judgment. All motions were denied by the trial court.

*Attorney General Robert Morgan and Associate Attorney C. Diederich Heidgerd for the State.*

*Nance, Collier, Singleton, Kirkman & Herndon by James R. Nance, Sr., and James R. Nance, Jr., for defendant appellee.*

MOORE, Justice.

The 1971 General Assembly on 19 July 1971 enacted Chapter 954 of the Session Laws, effective 1 October 1971, entitled "The Felony Firearms Act." This Act is now codified as G.S. 14-415.1 and G.S. 14-415.2, and in pertinent part is as follows:

"§ 14-415.1. *Possession of firearms, etc., by felon prohibited.*—(a) It shall be unlawful for any person who has been convicted in any court in this State, in any other state of the United States or in any federal court of the United States of a crime, punishable by imprisonment for a term exceeding two years, to purchase, own, possess or have in his custody, care or control, any hand gun or pistol.

"Every person violating the provisions of this section shall be guilty of a felony and shall be imprisoned for not

more than 10 years in the State prison or shall be fined an amount not exceeding five thousand dollars ($5,000).

\* \* \*

"§ 14-415.2 *Exemption where citizenship restored.*—Any person whose citizenship is restored under the provisions of Chapter 13 of the General Statutes, any comparable State or federal statute, shall thereafter be exempted from the provisions of G.S. 14-415.1."

Prior to 1971 Chapter 13 of the General Statutes provided that any person convicted of a crime whereby his rights of citizenship had been forfeited was entitled to have such rights restored at any time after two years from the date of discharge by filing a petition setting forth the information required by the statute, giving three months' notice, and having a hearing before a judge of the superior court. At the hearing it was necessary for the petitioner to prove by five respectable witnesses, who had been acquainted with the petitioner for three years next preceding the filing of his petition, that his character for truth and honesty during that time had been good. The court, on being satisfied that the character of the applicant for truth and honesty was good, could then restore his lost rights of citizenship. G.S. 13-1 to G.S. 13-5 (repealed in 1971).

Chapter 13 of the General Statutes was repealed on 16 July 1971 by Chapter 902 of the Session Laws, and was replaced by a new Chapter 13 enacted with the purpose as stated in the caption "to require the automatic restoration of citizenship to any person who has forfeited such citizenship due to committing a crime and has either been pardoned or completed his sentence," upon the occurrence of one of the following conditions: "(a) the Department of Correction at the time of release recommends restoration of citizenship; (b) two years have elapsed since release by the Department of Correction, including probation or parole, during which time the individual has not been convicted of a criminal offense of any state or of the Federal Government; (c) or upon receiving an unconditional pardon." Such person was only required to take an oath before any judge of the General Court of Justice stating that he had complied with one of the above-stated conditions, and that he would support and abide by the Constitution and laws of the United States and the Constitution and laws of North Carolina. Chapter 902 was codified as G.S. 13-1 to G.S. 13-3 (amended in 1973).

Chapter 251 of the 1973 Session Laws again revised and rewrote Chapter 13, substituting the present Sections 13-1 to 13-4 for Sections 13-1 to 13-3 as enacted in 1971, which now in pertinent part are as follows:

"§ 13-1. *Restoration of citizenship.*—Any person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored upon the occurrence of any one of the following conditions:

(1) The unconditional discharge of an inmate by the State Department of Correction or the North Carolina Board of Juvenile Correction, of a probationer by the State Probation Commission, or of a parolee by the Board of Paroles; or of a defendant under a suspended sentence by the court.

(2) The unconditional pardon of the offender.

(3) The satisfaction by the offender of all conditions of a conditional pardon.

"§ 13-2. *Issuance and filing of certificate or order of restoration.*—The agency, department, or court having jurisdiction over the inmate, probationer, parolee or defendant at the time his rights of citizenship are restored under the provisions of G.S. 13-1(1) shall immediately issue a certificate or order in duplicate evidencing the offender's unconditional discharge and specifying the restoration of his rights of citizenship.

"The original of such certificate or order shall be promptly transmitted to the clerk of the General Court of Justice in the county where the official record of the case from which the conviction arose is filed. The clerk shall then file the certificate or order without charge with the official record of the case."

It is obvious that the 1971 General Assembly in enacting Chapter 902 intended to substantially relax the requirements necessary for a convicted felon to have his citizenship restored. These requirements were further relaxed in 1973. The Felony Firearms Act when enacted in 1971 provided that the Act did not apply to persons whose citizenship had been restored under Chapter 13. This, of course, referred to the new Chapter 13 as enacted in 1971, since the 1971 Chapter 13 was adopted three

days prior to the enactment of the Felony Firearms Act. When the General Assembly again revised Chapter 13 in 1973, the exemption provided in the Felony Firearms Act for persons whose citizenship had been restored under Chapter 13 was left intact.

Defendant in the present case was charged with violating G.S. 14-415.1 on 15 September 1972. The felony for which defendant had previously been convicted was the sale of marijuana. Judgment in that case was pronounced at the 7 September 1966 Session of Cumberland Superior Court, and defendant was then placed on probation for five years. His probation had to be unconditionally terminated on 7 September 1971. G.S. 15-200. Hence, when he was charged in the present case with the felonious possession of a firearm on 15 September 1972, he was no longer on probation. The record does not disclose, however, that his citizenship was restored under Chapter 13 as rewritten in 1971. Therefore, at the time of his trial on 19 February 1973 we assume that his citizenship had not been restored pursuant to Chapter 13.

On 20 April 1973, while his appeal in the Court of Appeals was pending, Chapter 13 of the General Statutes was replaced by new provisions as provided by Chapter 251, 1973 Session Laws, the pertinent provisions of which are now codified as G.S. 13-1 and G.S. 13-2 (quoted above) and provide for automatic restoration of citizenship upon the unconditional discharge of a probationer.

Thus, the determinative question presented by this appeal is whether defendant is entitled to the benefit of the 1973 revision of Chapter 13 enacted after his trial but while his appeal was pending.

G.S. 14-415.2 specifically provides that any person whose citizenship is restored under the provisions of Chapter 13 of the General Statutes, or any comparable State or federal statute, is thereafter exempted from the provisions of G.S. 14-415.1. Clearly then the General Assembly intended for the Felony Firearms Act to apply only to those felons whose citizenship had not been restored under Chapter 13.

Defendant asserts that his citizenship was restored by the 1973 revision of Chapter 13, and that therefore, pursuant to G.S. 14-415.2, he is exempt from the provisions of G.S. 14-415.1.

State v. Currie

In *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698 (1967), defendant on a plea of guilty was sentenced to eight months in jail for the third offense of public drunkenness within a twelve-month period. At the time defendant was sentenced on 2 May 1967, G.S. 14-335(11) (1965 Cumulative Supplement) made the third offense of public drunkenness within a twelve-month period a general misdemeanor punishable within the discretion of the court. While the case was pending on appeal, the General Assembly, by Chapter 1256 of the 1967 Sesslion Laws, rewrote G.S. 14-335 to make the punishment for public drunkenness uniform throughout the State. In doing so it reduced the maximum prison sentence for the first offense from thirty to twenty days. For any subsequent offense within a twelve-month period it made the punishment a fine of not more than $50 or imprisonment for not more than twenty days in the county jail or commitment to the custody of the Director of Prisons for an indeterminate sentence of not less than thirty days nor more than six months. It also made chronic alcoholism an affirmative defense to the charge of public drunkenness. In vacating the judgment and remanding the case to the superior court for trial *de novo* in which defendant would be entitled to prove if he could the affirmative defense of chronic alcoholism, the Court stated:

"... The legislature may always *remove* a burden imposed upon citizens for State purposes. And, when this occurs pending an appeal, absent a saving clause, a manifest legislative intent to the contrary, or a constitutional prohibition, the appellate court must give effect to the new law. [Citations omitted.] Since the judgment is not final pending appeal 'the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered.' *Gulf, Col. & S. F. Ry. v. Dennis,* 224 U.S. 503, 506, 56 L.Ed. 860, 861, 32 S.Ct. 542, 543.

\*    \*    \*

"... That defendant is, and was at the time of his trial, a chronic alcoholic is unquestioned on the record before us. If he were not, however, he would be entitled to have his sentence decreased in conformity with G.S. 14-335 (1967). *A fortiori,* notwithstanding his plea of guilty, under the facts here disclosed, he is also entitled to the benefit of the change in the law which would allow

him to prove that his conduct on 13 April 1967 was not criminal."

Defendant's possession of the firearm in the instant case was criminal at the time of his trial since his citizenship at that time had not been restored. Pending his appeal his citizenship was restored by legislative enactment. Under the terms of G.S. 14-415.2, he was, therefore, expressly exempt from the provisions of G.S. 14-415.1. The Felony Firearms Act applies only to those who are no longer citizens by reason of a prior conviction of a felony. Once they regain their citizenship, the Act no longer applies. The facts in this case do not warrant undue sympathy for defendant. Nevertheless, he is entitled to have his case disposed of under the law in force at the time of this decision, even though this requires the reversal of the judgment that was proper when rendered. See *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Spencer*, 276 N.C. 535, 549, 173 S.E. 2d 765, 775 (1970); *State v. Pardon, supra.* We agree with the Court of Appeals that the judgment in this case must be arrested.

The decision on this appeal is based solely on the ground that we must give defendant the benefit of the 1973 revision of Chapter 13. We do not reach other questions presented by the appeal or the constitutionality of G.S. 14-415.1.

The decision of the Court of Appeals is affirmed.

Affirmed.