STATE OF NORTH CAROLINA v. DILLARD P. HART AND DREWRY HALL

No. 7415SC514

(Filed 21 August 1974)

**Obscenity; Statutes § 10— dissemination of obscenity — favorable change in statute — applicability**

Where defendants were convicted of dissemination of obscene materials, but the statute under which they were convicted was amended prior to determination of their appeal by the Court of Appeals, defendants were entitled to application of the favorable change in the statute which required a civil determination of the obscene nature of materials prior to the arrest of an individual for their dissemination. G.S. 14-190.2(h).

APPEAL from *Clark, Judge,* 21 January 1974 Session of ALAMANCE County Superior Court. Heard in the Court of Appeals 20 June 1974.

Defendants were charged in separate warrants with the unlawful and wilful dissemination of obscene materials in the Swinger's Book Store in Burlington in violation of G.S. 14-190.1(a). Defendant Hart was arrested 1 February 1973 for the sale of a book entitled *Communal Sex,* and defendant Hall was arrested 18 December 1972 for the sale of a book entitled *Group Sex.*

Both defendants pleaded not guilty and were convicted in separate trials in District Court. Both defendants appealed to the Superior Court for a trial de novo.

Upon trial de novo, both defendants moved that the cases be dismissed on the ground that G.S. 14-190.1(a) had not been construed by the appellate courts of this State in accordance with the holding of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed. 2d 419 (1973). When the motions were denied, defendants stipulated that there were "no matters of fact in dispute" and entered pleas of guilty "assuming that the statute is valid and constitutional." Defendants appealed from judgments imposing sentence, and since there is no right of appeal to this Court from pleas of guilty, G.S. 15-180.2, we treated this appeal as a petition for writ of certiorari which we granted.

*Attorney General Morgan, by Assistant Attorney General Speas, for the State.*

*Harriss & Ruis, by Ronald H. Ruis, for defendant appellants.*

MORRIS, Judge.

As we have noted, defendants Hall and Hart were arrested on 18 December 1972 and 1 February 1973 respectively. They were convicted in District Court on 31 January 1973 and 15 March 1973 respectively, and entered guilty pleas in Superior Court on 28 January 1974.

At the time of their arrest the anti-obscenity statute, G.S. 14-190.1 et seq. contained no requirement of a civil determination of the obscene nature of materials prior to the arrest of an individual for their dissemination. On 13 April 1974, the General Assembly ratified Senate Bill 1059 amending G.S. 14-190.2 (h) as follows:

"(h) No person, firm, or corporation shall be arrested or indicted for any violation of a provision of G.S. 14-190.1, G.S. 14-190.3, G.S. 14-190.4, G.S. 14-190.5, G.S. 14-190.6, G.S. 14-190.7, G.S. 14-190.8, G.S. 14-190.10 or G.S. 14-190.11 until the material involved has first been the subject of an adversary determination under the provisions of this section, wherein such person, firm or corporation is a respondent, and wherein such material has been declared by the court to be obscene or in the case of G.S. 14-190.10 or G.S. 14-190.11, to be sexually oriented and until such person, firm or corporation continues, subsequent to such determination, to engage in the conduct prohibited by a provision of the sections hereinabove set forth." 1973 Session Laws, Ch. 1434, § 5.

This law became effective 1 July 1974, prior to the date defendants' appeal was determined by this Court. This appeal, therefore, presents us with the issue whether a favorable change in the applicable statutes inures to the benefit of defendants, the change having occurred subsequent to the offense and conviction, but prior to an appellate review of the trial. We hold that it does.

It is unquestionably the law in this State that where there is an express repeal of a statute after the commission of a

crime, but prior to final judgment, no punishment can be imposed under the provisions of the repealed statute. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). This result obtains even though the repeal occurs after conviction but while appeal is pending. *Id.* It has long been the law that there can be no final judgment as long as the case is pending appeal, and a criminal action abates when the applicable statute is repealed. *State v. Nutt*, 61 N.C. 20 (1866) ; *State v. Williams*, 97 N.C. 455, 2 S.E. 55 (1887).

Defendants concede that G.S. 14-190.1(a) is not repealed by the General Assembly. They contend, nevertheless, that an amendment or revision of a statute requires the abatement of a prosecution where the prosecution could not have been initiated under the new statute. We think there is merit to this positon.

In *State v. Pardon*, 272 N.C. 72, 157 S.E. 2d 698 (1967), defendant was convicted of public drunkenness. While his case was on appeal, the applicable statute was rewritten, but not repealed. The punishment for the offense was reduced. The Supreme Court, per Justice Sharp, held

"Since the judgment is not final pending appeal, 'the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered.' *Gulf, Col. & S. F. Ry. v. Dennis*, 224 U.S. 503, 506, 56 L.Ed. 860, 861, 32 S.Ct. 542, 543." *Id.* at 76.

In addition to lessening the maximum punishment, the amendment added chronic alcoholism as an affirmative defense to public drunkenness. The Court held that defendant was entitled to the benefit of the change in the law which would allow him to prove that his conduct was not criminal.

Similarly, the Supreme Court in *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765 (1970), held that an amendment to a traffic law was available to a defendant whose appeal was pending when the amendment became effective.

In *State v. Cobb*, 284 N.C. 573, 201 S.E. 2d 878 (1974), defendant appealed his conviction for possession of a firearm in violation of G.S. 14-415.1, which at the time of conviction forbade a convicted felon to possess a firearm. While Cobb's appeal was pending, G.S. 14-415.2 became effective and provided that every inmate, upon his unconditional discharge from the Department

of Corrections, shall have his citizenship restored and shall be exempt from the provisions of G.S. 14-415.1. Defendant was held entitled to the benefit of the amendment, and his conviction was reversed and remanded with directions to arrest judgment.

The State contends that the General Assembly clearly intended that the requirement of an adversary determination of obscenity, before arrest or indictment, be prospective only. The State points to no language in the statute to this effect; rather, they contend that if the legislature had intended retroactivity they would have made the amendment effective upon ratification. There is no merit to this argument. Appellate courts must give effect to a statutory amendment effective during prosecution of an appeal unless the statute contains a saving clause or a manifest legislative intent to the contrary. *State v. Pardon,* *supra.* We have carefully examined the amendment to G.S. 14-190.2(h), and we find neither a saving clause nor manifest legislative intent that the operation of the statute be prospective only.

The case against defendants could not be brought by the State on this date, because there has been no adversary hearing to determine that the publications involved are obscene. Since the statute under which defendants were convicted was amended prior to a final judgment in their cases, we must give them the benefit of that amendment. On the authority of the cases cited above, we hold that the actions against them have abated.

Judgment arrested.

Judges VAUGHN and BALEY concur.