42144. GULF LIFE INSURANCE COMPANY v. LANIER.

JORDAN, Judge. This is an appeal from the judgment of the trial court, sitting without the intervention of a jury, finding for the plaintiff in a suit by her to recover certain disability benefits payable for loss of a foot under two policies of life insur-

ance issued by the defendant company. The case was tried under a stipulation of facts which showed that the disease causing the alleged loss pre-existed the issuance of each policy and was not contracted while the policies were in force as required by applicable provisions thereof, and the judgment of the trial court was apparently based upon the conclusion that such defense was not available to the defendant under the incontestable clause of each policy which was in effect at the time the loss was sustained and which provided as follows: "The policy will be incontestable after it has been in force during the lifetime of the insured for one year from the policy date, except for the non-payment of premiums and *except for any provisions relating to additional benefits specifically granted in event of death by accidental means, dismemberment or loss of sight.*" (Emphasis supplied). *Held:*

The policies sued upon in this case having expressly excluded provisions relating to the specific loss involved here (dismemberment) from the operation of the incontestable clauses contained therein, the defendant insurer was not precluded by the incontestable clauses from showing that such loss was not covered within the terms and provisions of the policies because of restrictions and exclusions therein, although it would have been precluded from asserting as a defense the invalidity of the policies because of fraud in procurement or any other ground affecting the validity of the policies as a whole. *Equitable Life Assurance Society v. Gillam,* 195 Ga. 797 (1) (25 SE2d 686); *Penn Mut. Life Ins. Co. v. Childs,* 65 Ga. App. 468 (6) (16 SE2d 103). As stated by this court in the *Childs* case at page 477 in considering the effect of an incontestable clause excluding provisions relating to disability benefits from its operation: "We think it was the intention of the parties at the time the contract was executed to exempt the entire contract, both life and disability features, from the defense of fraud in procurement of the policy after the year and from the date the incontestable clause became of force; to preserve the defense at all times of failure to pay premiums; and to preserve to the insurer as to the disability benefit feature all defenses save that of fraud in procurement of the policy; this we think is the proper application of the incontestable clause."

Accordingly, since the stipulated facts in this case showed that the plaintiff's loss of a foot by amputation was necessitated

by a diabetic condition which had existed for some years prior to the issuance of these policies, the loss did not come within the policy provisions that the disease causing the loss must be contracted while the policies were in force, and a judgment for the defendant was therefore demanded.

It is significant to note that the Georgia Insurance Code of 1960 (Ga. L. 1960, p. 289), which went into effect after the issuance of the policies sued upon here, specifically excludes from the operation of incontestable clauses "provisions relating to disability benefits or to additional benefits in the event of death by accident or accidental means" (*Code Ann.* § 56-2503 (b)); and provides as follows with reference to the scope of such clauses: "A clause in any policy of life insurance providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions in the policy which exclude or restrict coverage, whether or not such restrictions or exclusions are excepted in such clause." *Code Ann.* § 56-2509.

The case of *National Life &c. Ins. Co. v. Chapman*, 106 Ga. App. 375 (1) (127 SE2d 157), relied upon by counsel for the appellee, is not applicable here for the reason that the incontestable clause of the insurance policy under review in that case, which policy was also issued prior to the effective date of the Georgia Insurance Code of 1960, only excluded nonpayment of premiums from its operation.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

Argued July 7, 1966—Decided September 7, 1966.

*Tindall & Tindall, Neville & Neville, Wm. J. Neville,* for appellant.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for appellee.