LINWOOD EARL TOLER, BY HIS NEXT FRIEND, ROBERT G. BOWERS, v. BRINK'S, INC., EUGENE DONALD RHODES, MARVIN LEE RAINES, JR., AND DOROTHY T. RAINES.

(Filed 22 May 1968.)

**1. Trial § 13—**

It is within the discretion of the trial court to allow the jury to view the scene of an automobile collision.

**2. Same—**

An instruction permitting the jury to consider information obtained from a jury view as substantive evidence is error, the purpose of the jury view being solely to illustrate the testimony in the case.

**3. Automobiles § 90—**

An instruction stating a contention of the plaintiff in the language of the reckless driving statute, G.S. 20-140(b), without applying the statute to the evidence in the case fails to meet the requirements of G.S. 1-180 and is prejudicial error.

TOLER *v.* BRINK'S, INC.

APPEAL from *Bundy, J.,* October 1967 Regular Civil Session of CRAVEN Superior Court by the defendants, Brink's, Inc., and Eugene Donald Rhodes.

This action was instituted 26 January 1965 to recover damages for personal injuries sustained by the plaintiff in a motor vehicle collision which occurred about 11:15 a.m. on 29 October 1963 on Rural Paved Road #1003 in Craven County about nine miles north of the City of New Bern.

The action was originally instituted against the defendants, Brink's, Inc., Eugene Donald Rhodes, Marvin Lee Raines, Jr., and Dorothy T. Raines. The plaintiff was riding in the right rear seat of a 1963 Chevrolet Impala Sports Coupe owned by the defendant, Dorothy T. Raines, and driven at the time by her son, Marvin Lee Raines, Jr. The Raines' Chevrolet was proceeding in a westerly direction towards Askin. It was raining at the time. On a curve in the road in front of the home of Mrs. Charles Le Fever, the Chevrolet met a GMC armored truck owned by the defendant, Brinks, Inc., and operated at the time by its agent, Eugene Donald Rhodes. The truck was proceeding in an easterly direction towards Aurora. The left front of the Chevrolet and the left front of the armored truck collided near the center of the road resulting in the injuries sustained by the plaintiff.

At the close of the plaintiff's evidence, judgment as of nonsuit was entered as to the defendants, Marvin Lee Raines, Jr., and his mother, Dorothy T. Raines.

The jury answered issues of negligence and damages against the defendants, Brink's, Inc., and Eugene Donald Rhodes. From a judgment entered upon the verdict, these two defendants appealed to this Court.

*Kennedy W. Ward & A. D. Ward, Attorneys for plaintiff appellee.*

*White, Hooten & White by Thomas J. White, Attorneys for defendant appellants.*

CAMPBELL, J. Both the plaintiff and the defendants offered evidence as to the collision of the two vehicles. The evidence was conflicting, but we are of the opinion that a jury question was presented. Since the case will go back for a new trial, we refrain from a detailed discussion of the evidence.

In the course of the trial the presiding judge permitted the jury to go to the scene of the collision even though nearly four years had elapsed. This was done in the discretion of the trial court and

was not error. The record discloses, however, that in the charge of the trial court to the jury, the following was stated:

"You should weigh all the evidence in every way, the oral evidence, the physical evidence, and the evidence that you obtained by viewing the premises." Again, in the charge the trial court in connection with stating the contentions of the plaintiff said: "That this was a sharp curve, and you have been permitted to view the roadway and curve." Thus, in two instances in the instructions given by His Honor to the jury, the jury's view of the scene of the collision was treated as substantive evidence, rather than illustrative evidence. This was error.

In North Carolina there is no statutory authority for a jury view. Pursuant to the inherent authority of the court in the search for truth, a jury view is permissible in the discretion of the trial court. The object, however, is merely to present the scene to the jury more vividly than is possible by the description of witnesses. A jury view is to be used with the same effect as pictures, maps, drawings, and other illustrative sources. See *State v. Stewart*, 189 N.C. 340, 127 S.E. 260; Stansbury, N. C. Evidence 2d, § 120; 2 McIntosh, N. C. Practice 2d, § 1491; 53 Am. Jur., Trial, § 451; 88 & 89 C.J.S., Trial, § 47 and § 464.

In the charge to the jury, the trial court also stated:

"Now, they also contend further and in connection with that too that the defendants were driving the car without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property. Well, you can see how those two things sort of merge into each other and to be sort of taken into consideration conjunctively."

It is impossible for us to know whether the above quotation is correct and actually occurred. We are bound by the record as we receive it. If the above is a correct report of what occurred, it is error. Our statute, G.S. 1-180, prescribes that the trial court must declare and explain the law arising upon the evidence and a failure to do so constitutes error. *Ryals v. Carolina Contracting Co.*, 219 N.C. 479, 14 S.E. 2d 531; *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484.

The trial court gave no explanation of the above statement taken from G.S. 20-140(b) and no attempt was made to apply that statement to the evidence in the case. "It is error for a trial court to read a statute to the jury without giving an explanation thereof in connection with the evidence, where such explanation is patently necessary to inform the jury as to the meaning of the statute and as to its bearing on the case." *Lewis v. Watson, supra.*

Other exceptions were taken by the defendants but since they are not apt to arise again, no discussion is deemed necessary.

For the errors pointed out above, we order a

New trial.

BRITT and MORRIS, JJ., concur.