STATE OF NORTH CAROLINA v. MICHAEL CLARK KISTLER

No. 7110SC713

(Filed 12 January 1972)

1. Narcotics § 3; Criminal Law § 42— possession of marijuana — competency of evidence — money order receipt

In a prosecution charging defendant with the felonious possession of marijuana, it was not prejudicial to admit in evidence a receipt for a telegraph money order from defendant to an address in California, there also being evidence that a package of marijuana was mailed to defendant from the address in California.

**2. Narcotics § 4— possession of marijuana — sufficiency of evidence**

    In a prosecution charging defendant with the felonious possession of marijuana, the State's evidence was sufficient to show that defendant possessed the drugs within the meaning of the statute, although defendant was not present in his residence at the time the drugs were seized.

APPEAL by defendant from *Brewer, Judge,* 19 April 1971 Session of Superior Court held in WAKE County.

State's evidence tended to show the following. On 27 May 1970 officers of the Raleigh Police Department and an agent of the State Bureau of Investigation went to the residence of defendant Michael Clark Kistler and his wife Sandra Anne Kistler at 120 Groveland Avenue, Raleigh, North Carolina, for the purpose of executing a search warrant to search the premises for narcotic drugs. They were admitted by defendant's wife and the warrant was read to her. Defendant was not present. The officers located a package addressed to defendant at his residence. The return address on the package was 2652 Valdez Street, Oakland, California 94612. The package contained more than 2500 grams of marijuana. Elsewhere in the residence of the defendant the officers located a pipe containing marijuana residue, cigarette papers, other vegetable matter later identified as marijuana and a set of scales. A receipt for a Western Union telegraphic money order to George Chatneuff, 2652 Valdez, Oakland, California from Michael Kistler, 120 Groveland Avenue, dated 9 May 1970 in the amount of $500.00, plus tolls and service charges, was also discovered and introduced into evidence. A similar money order receipt dated 24 April 1970 in the amount of $232.00 plus fees was also discovered and introduced into evidence. The latter was payable to Pat Matthews, 91 Yosemite Avenue, Oakland, California. There was other evidence tending to show that as a result of information received from California and other sources the local officers had become aware of the presence of the package addressed to defendant while it was at the Raleigh-Durham Airport and kept the same under surveillance as it was delivered to defendant's residence. Defendant offered no evidence. The jury returned a verdict of guilty of felonious possession of marijuana. From the judgment entered, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney William Lewis Sauls for the State.*

*Walter L. Horton, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]   Defendant's assignments of error directed to the admission into evidence of the money order receipts are overruled. We hold that, under the circumstances of this case, the admission of the receipts did not constitute prejudicial error.

[2]   Defendant's next assignment of error, that the court failed to grant his motion for nonsuit, is overruled. Although the defendant was not present in his residence at the time the drugs were seized, the State's evidence was plenary to show that defendant possessed the drugs within the meaning of the statute. See *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680, and authorities cited. See also *Ritter v. Commonwealth*, 210 Va. 732, 173 S.E. 2d 799, a case where the facts, in many respects, are similar to those in the case at hand.

Defendant's remaining assignments of error have been carefully considered and the same are overruled. Defendant received a fair trial free of prejudicial error.

No error.

Judges BROCK and BRITT concur.