STATE OF NORTH CAROLINA v. JESSE HARVEY, JR.

No. 712SC738

(Filed 12 January 1972)

**Searches and Seizures § 1; Criminal Law § 84— seizure of marijuana in plain view**

> An officer who entered defendant's home to serve a valid arrest warrant could lawfully seize a quantity of marijuana which was in plain view.

APPEAL by defendant from *Rouse, Judge,* 24 May 1971 Session of Superior Court held in BEAUFORT County.

Defendant was indicted for illegal possession of marijuana in excess of one gram. After the jury was impaneled, defendant moved to suppress the State's evidence with reference to the finding of marijuana at defendant's residence. A voir dire

was conducted and both the State and defendant offered evidence as to the circumstances surrounding the discovery of the marijuana. The court, after making findings of fact and conclusions of law, denied the defendant's motion to suppress. The State's evidence, in substance, tended to show the following. On the day of the offense a deputy sheriff of Beaufort County went to the home of defendant to arrest him on a warrant charging an offense unrelated to the present case. As the officer approached defendant's house, he observed defendant looking at him from behind the curtain of a utility room window. The officer called for the defendant by name two times and received no acknowledgment. The officer opened the door of the utility room about one foot and again called for defendant. The defendant acknowledged this call of the officer and was advised that the officer had a warrant for his arrest. Immediately behind defendant in the utility room was a chest-type freezer on which the officer observed about a spoonful of marijuana seed. The defendant was then handcuffed and the officer proceeded to scoop up the marijuana seed and placed them in a plastic jar which was also on the top of the freezer. At this time the officer observed that the plastic jar contained an additional quantity of marijuana seed and a package of marijuana. The total quantity seized was two grams of marijuana seed and .2 grams of marijuana leaf fragments. Defendant offered no evidence. From a verdict of guilty as charged and judgment thereon, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Ann Reed for the State.*

*Paul and Keenan by James E. Keenan for defendant appellant.*

VAUGHN, Judge.

The major portion of defendant's well-researched argument concerns his contention that it was error to admit evidence as to the marijuana seeds at the time of defendant's arrest. In this connection, we hold that the findings of fact by the trial judge are based on competent evidence and are amply sufficient to support his conclusions of law. Moreover, nothing appears in this record which would have required the suppression of the evidence. The law enforcement officer made a lawful entry into the home of defendant to serve a valid arrest warrant. In the

process the officer observed within his plain view a quantity of marijuana, the possession of which constitutes a crime. Defendant's assignments of error directed to the admissibility of such evidence are overruled.

Defendant's remaining assignments of error have been carefully considered and the same are overruled. In the entire trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.