STATE OF NORTH CAROLINA v. JAMES WESLEY SMITH, DEFENDANT

No. 7221SC70

(Filed 23 February 1972)

1. Criminal Law § 101; Trial § 13—unauthorized view of crime scene by juror

The fact that a juror, without leave of the court, visits the premises where the offense is alleged to have been committed is not ground for a new trial unless it is made to appear that some prejudice resulted to defendant.

2. Criminal Law § 101; Trial § 13—jury view

The trial judge has discretionary power to grant or refuse a request for a jury view of the premises or an object involved in a case.

3. Criminal Law § 101; Trial § 13—jury view of arrest scene

The trial judge was acting within his discretion in ordering a jury view of the scene of defendant's arrest for possession of marijuana after one juror had made an unauthorized visit to the premises, especially since confusing descriptions of the scene were given in testimony by witnesses for both sides.

4. Criminal Law § 101; Trial § 13—jury view — illustrative purpose — instructions

The trial court did not err in failing to instruct the jury that evidence which they obtained by viewing the scene of defendant's

State v. Smith

arrest should be considered as illustrative evidence, where defendant made no request that the evidence obtained by the jury view be admitted for a limited purpose or that the jury be given special instructions with respect thereto.

5. **Criminal Law § 101; Trial § 13— jury view — alleged irregularities**

The record does not support defendant's contention that there were various irregularities in the manner in which a jury view was conducted.

6. **Criminal Law §§ 102, 170— failure of defendant to present witnesses — comment by solicitor**

Any prejudice in the solicitor's comment upon defendant's failure to bring in as witnesses eight persons who were present at the time of his arrest was nullified when the court instructed the jury that defendant was not under any burden to present any witnesses and that his failure to bring any witnesses should not be considered against him.

7. **Narcotics § 5; Criminal Law § 138— possession of marijuana — reduction of punishment by legislature**

Where, pending defendant's appeal from a sentence of three years imposed upon his conviction of the felony of possession of more than one gram of marijuana, the General Assembly reduced the grade of a first conviction for that offense to a misdemeanor punishable by imprisonment for not more than six months, defendant is entitled to have his sentence reduced to six months.

APPEAL by defendant from *Cowper, Judge,* 26 July 1971 Criminal Session of Superior Court held in FORSYTH County.

Defendant appeals from a judgment of imprisonment for a term of three years imposed upon a jury verdict finding him guilty of the possession of more than one gram of marijuana.

*Attorney General Morgan by Associate Attorney General Conley for the State.*

*Westmoreland, Sawyer & Schoonmaker by Barbara C. Westmoreland for defendant appellant.*

GRAHAM, Judge.

Defendant contends he is entitled to a new trial because one of the jurors went to the scene of defendant's arrest without authorization during the course of the trial, and also because the court later permitted all of the jurors to view the scene over defendant's objection.

The record reflects that when court was opened on the second day of trial the following transpired:

State v. Smith

"COURT: It appearing that one of the jurors made it known to the deputy sheriff that he went to the location of Vine Street where the defendant was arrested for the purpose of viewing the premises. The Court talked to this juror and he stated that he has no opinion about the matter that he was curious to see the location and that he had not made up his mind with regard to guilt or innocence of the defendant and that this had no effect upon him. Upon making this known to the defendant's attorney, motion was made for mistrial. The Court, in its discretion, denies the motion upon the ground that no prejudice to the defendant has been shown or indicated and the Court, at this time, has ordered that all twelve jurors be taken to the scene on Vine Street and be permitted to view the premises.

The defendant objects and excepts.

DEFENDANT'S EXCEPTION #3."

[1] The fact that a juror, without leave of the court, visits the premises where the offense is alleged to have been committed is not grounds for a new trial, unless it is made to appear that some prejudice resulted to defendant. Annot., 58 A.L.R., 2d 1147 and cases cited. Also see *State v. Boggan*, 133 N.C. 761, 46 S.E. 111; *S. v. Perry*, 121 N.C. 533, 27 S.E. 997; *State v. Tilghman*, 33 N.C. 513. Defendant made no effort to show prejudice and the court found that none had been shown.

[2] It is settled in most jurisdictions, including this one, that the trial judge has discretionary power to grant or refuse a request for a jury view of the premises or an object involved in a case. *State v. Ross*, 273 N.C. 498, 160 S.E. 2d 465; *Paris v. Aggregates, Inc.*, 271 N.C. 471, 157 S.E. 2d 131; *Toler v. Brink's, Inc.*, 1 N.C. App. 315, 161 S.E. 2d 208.

[3] Here, neither the State nor defendant requested a jury view. The trial judge ordered the jury view upon his own motion, presumably because one juror had already made an unauthorized visit to the premises. We hold that in doing so, the trial judge was acting within his sound discretion. There are cases in other jurisdictions which suggest that one way to remove possible prejudice resulting from an unauthorized view by a juror is to permit the entire panel to view the premises and thereby obtain the same information. *People v. Kudla*, 223 Mich. 137, 193

N.W. 844; *Bird v. State,* 22 Okla. Crim. 263, 210 P. 925; *State v. Carlson,* 144 Wash. 311, 258 P. 12.

Moreover, it appears that in the present case a jury view of the place where defendant was arrested should have enabled the jury to better understand the rather confusing descriptions of the scene given in testimony by witnesses for both sides. The State's evidence tended to show that defendant and eight others were arrested for gambling. They were lined up to be searched with their hands against a wall. The State contended that before defendant was searched, he removed some packets of marijuana from his pocket and placed them over or on top of the wall. Defendant contended that he did not. The wall was located adjacent to the alley where the arrest occurred and apparently served as a retainer for a parking lot extending from the top of the wall. A chain link fence extended along the top of the wall, separating the parking lot from the alley or court below. Recollections of the arresting officers differed as to whether the marijuana was recovered by getting a step ladder and reaching up from in front of the wall or by going around the wall. Testimony conflicted as to the height of the wall, the description of the chain link fence, and as to other features at the scene.

[4] Defendant assigns as error the court's failure to instruct the jury that the evidence which they obtained by viewing the scene was to be considered only as illustrative evidence. It is true that a jury view is to be used with the same effect as pictures, maps, drawings and other illustrative sources. *Toler v. Brink's, Inc., supra.* However, in the absence of a timely request, failure of the court to instruct the jury that evidence may be considered only for a limited purpose is not error. *State v. Casper,* 256 N.C. 99, 122 S.E. 2d 805. When only a general objection is interposed and overruled it will not be considered as reversible error if the evidence is competent for any purpose. *State v. Walker,* 6 N.C. App. 447, 170 S.E. 2d 627. Defendant made no request that the evidence obtained by the jury view be admitted for a limited purpose or that the jury be given special instructions with respect thereto. This assignment of error is therefore overruled.

[5] Defendant asserts that there were various irregularities with respect to the manner in which the jury view was conducted. It does not appear to us that any of these questions arise on this record. "After all, there is a presumption of regularity in

the trial. In order to overcome that presumption it is necessary for matters constituting material and reversible error to be made to appear in the case on appeal." *State v. Sanders,* 280 N.C. 67, 72, 185 S.E. 2d 137, 140.

**[6]** Defendant's final assignment of error encompasses an exception set forth in the record as follows:

> " 'COURT: The Solicitor, in his argument to the jury, commented upon the fact that the defendant failed to bring in as witnesses 8 other persons who were present at the time of his arrest and who might have testified in his behalf.'

DEFENDANT'S EXCEPTION #6."

It does not appear that defendant objected to this argument at the time it was made and in charging the jury, the court instructed: "Nor is he under any burden to bring any witness here for you to hear unless he elects to do so and the fact that he does not bring any witnesses should not be considered against him or held against him by you for his failure to do so because he is presumed to be innocent." Even if it be conceded that the portion of the solicitor's argument excepted to was improper, the court's charge nullified any prejudicial effect.

**[7]** While this case was on appeal to this Court, the Act of the 1971 General Assembly, entitled "North Carolina Controlled Substances Act," became effective. This new Act replaced the former "Narcotic Drug Act" under which possession of marijuana in excess of one gram was a felony punishable by a fine of not more than $1,000.00 or imprisonment for not more than five years. G.S. 90-111(a). Under the new Act, a first offense of possession of any quantity of marijuana is punishable by imprisonment for a term of not more than six months or a fine of not more than $500.00. G.S. 90-95(e). The new Act provides that prosecutions for any violation of law occurring prior to 1 January 1972 "shall not be affected by these repealers, or amendments, or abated by reason, thereof." G.S. 90-113.7(a). No reference is made to the punishment to be imposed, and the offense for which defendant was convicted is reduced in the new Act from the grade of felony to that of misdemeanor and the maximum imprisonment which may be imposed is reduced to six months. This reduction inures to the benefit of defendant. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765; *State v.*

*Pardon,* 272 N.C. 72, 157 S.E. 2d 698; *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207 (1972), and *State v. Kelly* (filed in this Court the same date of this opinion). "A judgment is not final as long as the case is pending on appeal." *State v. Pardon, supra* at 75, 157 S.E. 2d at 701.

In view of the reduction in the maximum punishment allowed for the offense for which defendant was convicted, the judgment in this case is modified so as to reflect the grade of offense as that of misdemeanor and to reduce the sentence of imprisonment imposed to imprisonment for six months.

Modified and affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.