STATE OF NORTH CAROLINA v. JACK ARNOLD McINTYRE

No. 7216SC76

(Filed 2 February 1972)

1. Narcotics § 4.5— felonious possession of marijuana — instructions on misdemeanor offense

Where all the evidence in a felonious possession of marijuana case tended to show that the defendant had in his possession more than one gram of marijuana, and the defendant's evidence tended to show that he did not have any marijuana in his possession, the trial court was not required to charge on the misdemeanor of possession of only one gram or less of marijuana. [former] G.S. 90-111.

2. Narcotics § 5; Criminal Law § 138— possession of marijuana — punishment — reduction of punishment by legislature

Defendant was convicted in May 1971 of the felonious possession of more than one gram of marijuana and sentenced to 3-5 years in prison under the then-existing statute. While his appeal was pending, the legislature reduced the maximum term of imprisonment for the possession of marijuana to six months. The legislature also provided that "prosecutions" occurring prior to 1 January 1972 shall not be affected by the statutory changes. *Held:* Defendant was entitled to the reduction of his sentence to six months. G.S. 90-94; G.S. 90-95; G.S. 90-113.7.

ON *certiorari* to review trial by *Canaday, Judge,* May 1971 Session of Superior Court for ROBESON County.

The defendant was charged in a bill of indictment, proper in form, with the felonious possession of 168 grams of the drug marijuana, in violation of G.S. 90-88 (as it existed prior to 1 January 1972).

The evidence for the State tended to show the following: At 2:00 p.m. on 21 March 1971, Robeson County Deputy Sheriff Hubert Stone (Stone) was on duty in the City of Pembroke and had in his possession a warrant to search the defendant's automobile. He observed the defendant driving an automobile, began to follow him, and, when approximately fifty yards behind the defendant, observed "a blue object come out of Jack McIntyre's left hand and come on top of the car." The officer signaled the defendant to stop and then searched the vehicle. He found no narcotic drugs but did find a pistol lying on the seat. The defendant was allowed to depart, but the officer returned to the point where he testified that he had seen the defendant throw "a blue object" and found a blue bank deposit bag in which

were ten plastic bags containing marijuana wrapped in saran wrap. The defendant was subsequently arrested and finger-printed, and the bags found by Stone, together with the material contained in them, were sent to the State Bureau of Investigation for fingerprint and chemical analysis.

Mr. M. C. Evans, a chemist for the State Bureau of Investigation Crime Laboratory, whom the court held to be an expert in the fields of chemistry and drug analysis, testified:

> "I made a chemical analysis of two portions of the contents of the bags and determined it to be Marijuana. I did not analyze all of the material but by observation, in my opinion one hundred per cent of the brown vegetable material was Marijuana. I determined the weight of the vegetable material to be 74.9 grams."

In addition, fingerprints found on some of the plastic bags were identified as those of the defendant by the Supervisor of the S.B.I. Identifications Bureau.

The defendant took the stand in his own behalf and testified at one point, "On that afternoon I did not have on my person or in the Toyota any kind of drugs, nor did I throw anything outside of that automobile."

From a jury verdict of guilty as charged and a judgment of imprisonment of from three to five years, the defendant gave notice of appeal to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Poole for the State.*

*John C. B. Regan III for defendant appellant.*

MALLARD, Chief Judge.

[1] The defendant contends that the trial judge committed error in failing to charge the jury on the lesser included offense of possession of one gram or less of marijuana. (G.S. 90-111, before being rewritten effective 1 January 1972.) All the evidence for the State tended to show that the defendant had in his possession more than one gram of marijuana. The defendant's evidence tended to show that he did not have any marijuana in his possession. There was therefore no evidence of the misdemeanor of possession of only one gram or less of

marijuana. The trial judge did not commit error in failing to charge the jury on the lesser included offense of the possession of one gram or less of marijuana. The applicable rule is:

"* * * The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed . . . (offense) and there is *no conflicting evidence* relating to the elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) ; *State v. Gurkin,* 8 N.C. App. 304, 174 S.E. 2d 20 (1970). See also, *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481 (1969).

The case of *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970), cited and relied on by defendant, is distinguishable. In *Riera,* the Supreme Court held, among other things, that the *possession* of barbiturates, a misdemeanor, was a lesser included offense in the felony charge of *possession* of barbiturates *for the purpose of sale.* Proof that the defendant possessed 100 or more capsules or tablets of barbiturates, under G.S. 90-113.2 and G.S. 113.8 as they existed at the time *Riera* was decided, merely established for the State a prima facie case that the crime of felonious possession for the purpose of sale had been committed. *In Riera,* it is said:

"A prima facie case does nothing more than carry the case to the jury for its determination. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163. Likewise, prima facie evidence is no more than sufficient evidence to establish the vital facts without further proof, if it satisfies the jury. In a criminal case the jury is at full liberty to acquit the defendant if it is not satisfied from all the evidence— including prima facie evidence—that defendant's guilt has been proven beyond a reasonable doubt. In short, the inference or conclusion which may be drawn from certain facts recited in the statute may justify, but not compel, a verdict adverse to the defendant. Ordinarily, the estab-

lishment of prima facie evidence does not shift the burden of the issue from the State to the defendant. * * *"

**[2]** Under the applicable statutes pertaining to marijuana prior to the effective date of the North Carolina Controlled Substances Act, the quantity possessed actually determined the grade of the offense—the possession of one gram or less being a misdemeanor and the possession of more than a gram of marijuana, in and of itself, being a felony. In the case before us, therefore, the possession of more than one gram of marijuana was a felony, not just prima facie evidence thereof.

On 1 January 1972, and while this case was on appeal to this court, however, the Act of the 1971 General Assembly entitled North Carolina Controlled Substances Act (Act), Article 5, Chapter 90 of the General Statutes, became effective. This cause was argued in the Court of Appeals in January 1972.

Pertinent parts of the Act read as follows:

"§ 90-94. *Schedule VI controlled substances.* * * *

The following controlled substances are included in this schedule:

1. Marihuana.

2. Tetrahydrocannabinols.

§ 90-95. *Violations, penalties.*— (a) Except as authororized by this Article, it shall be unlawful for any person:

(1) To manufacture, distribute or dispense or possess with intent to distribute a controlled substance listed in any schedule of this Article;

* * *

(3) To possess a controlled substance included in any schedule of this Article.

* * *

(e) Any person who violates G.S. 90-95 (a) (3) with respect to controlled substances included in Schedules V and VI of this Article shall, for the first offense, be guilty of a misdemeanor and be sentenced to a term of imprisonment of not more than six months or fined not more than five hundred dollars ($500.00). * * *

State v. McIntyre

(f) Possession by any person of controlled substances included in any schedule of this Article in violation of G.S. 90-95(a)(3) shall be presumed to be possession of substances for purposes of violating G.S. 90-95(a)(1) in the following cases:

*   *   *

(3) Possession of more than five grams of marijuana as controlled within Schedule VI of this Article . . . .

*   *   *

§ 90-113.7. *Pending proceedings.*— (a) Prosecutions for any violation of law occurring prior to January 1, 1972 shall not be affected by these repealers, or amendments, or abated by reason, thereof."

It is noted that the above-quoted portion of G.S. 90-113.7(a) does not now specifically refer to the punishment to be imposed, but the Act does reduce the crime of possession of more than one gram of marijuana from a felony to a misdemeanor, and the maximum punishment for the first offense of possession of any quantity of marijuana to imprisonment for not more than six months. The defendant in this case was found guilty of only the possession of marijuana. While the *prosecution* of the defendant for the violation of the narcotic laws occurring prior to 1 January 1972 was not affected by the 1971 Act, under the principles set forth in *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698 (1967) and followed in *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970), the reduction of the grade of the crime by the General Assembly, while this case is pending, and the reduction of the maximum punishment for the simple possession of marijuana inures to the benefit of the defendant. The defendant, therefore, has been convicted of only a misdemeanor. The judgment as to the defendant, Jack Arnold McIntyre, is modified so as to reduce his sentence of imprisonment for not less than three years nor more than five years to imprisonment for six months in the custody of the Commissioner of Corrections.

The defendant has other contentions and exceptions which are not discussed herein, but in view of the disposition of this

case, we hold that the errors complained of, if any, are without merit or are not prejudicial.

Modified and affirmed.

Judges HEDRICK and GRAHAM concur.