STATE OF NORTH CAROLINA v. LENOUX GODWIN

No. 7212SC239

(Filed 29 March 1972)

Narcotics § 5; Criminal Law § 138— possession of marijuana — punishment statute changed pending defendant's appeal

A defendant whose appeal from conviction of possession of more than one gram of marijuana was pending on 1 January 1972, the effective date of the statute reducing that crime from a felony to a misdemeanor and reducing the maximum punishment for a first offense of possession of any quantity of marijuana to six months, is not entitled to the benefit of the new statute, since the legislature provided that "prosecutions" occurring prior to 1 January 1972 shall not be affected by the statutory changes, and "prosecution" is not limited to the trial but includes every step in a criminal action, from its commencement to its final determination by appellate review or until defendant begins to serve his sentence without pursuing an appeal or until the action is dismissed. This decision is contrary to the decisions of State v. McIntyre, 13 N.C. App. 479, and State v. Smith, 13 N.C. App. 583.

Judge HEDRICK concurring in part and dissenting in part.

ON Certiorari to review the judgment of Bailey, Judge, entered at the 14 June 1971 Session of Superior Court held in CUMBERLAND County.

The defendant was charged in a bill of indictment with the felonious possession of a narcotic drug, to wit: marijuana in excess of one gram, in violation of G.S. 90-88 (as it existed prior to 1 January 1972).

The State offered evidence tending to show that on 8 September 1970 Gerald A. Dominick, Special Agent with U. S.

Customs, in the presence of R. B. Hewett, a Postal Inspector, and Sergeant DeCarter of the Inter-Agency Bureau of Narcotics and Dangerous Drugs, at the U. S. Post Office in Fayetteville, North Carolina, opened a locked, registered pouch containing a package addressed to Mr. James Burnett, Godwin, North Carolina, with a return address to Sergeant Lenoux Godwin, APO San Francisco. The package contained some stereo components. Inside one of the speakers, 264.6 grams of marijuana were found in a plastic bag wrapped in a towel. After dusting the towel and the plastic bag containing the marijuana with a fluorescent powder, the officers rewrapped the entire package, and on 9 September 1970 the package was delivered to the Post Office at Godwin, North Carolina. On 9 September 1970, the defendant picked up the package at the Post Office in Godwin, North Carolina, and took it to the home of James Burnett. Twenty minutes after the defendant entered the house, the officers entered and read a search warrant to the defendant. Twenty minutes thereafter, Mr. Burnett came to the house and the search warrant was read to him. The officers searched the house and found a stereo in the den with the same serial number as that on the stereo components in the package examined in the Post Office at Fayetteville. The towel containing the bag of marijuana was found in the fork of a tree behind Mr. Burnett's house. An ultraviolet light was shined on the defendant's hands and this test revealed the presence of the same fluorescent powder placed on the towel and the bag containing the marijuana.

The defendant offered no evidence.

The jury found the defendant guilty, and from a judgment imposing a prison sentence of four years, the defendant appealed.

*Attorney General Morgan, by Associate Attorney Edwin M. Speas, Jr., for the State.*

*Arthur L. Lane for defendant-appellant.*

BROCK, Judge.

The defendant assigns as error the court's denial of his motion for judgment as of nonsuit. There is ample evidence in the record to require the submission of this case to the jury.

State v. Godwin

Based on 22 exceptions in the record, the defendant contends the court erred in allowing irrelevant, immaterial and prejudicial evidence to be introduced in the presence of the jury. We have examined each exception embraced within this assignment of error, and we conclude that all of the testimony complained of was relevant and material, and that the court did not commit prejudicial error in allowing the evidence to be introduced in the presence of the jury.

We have carefully examined all of the defendant's additional assignments of error and find them to be without merit.

In two opinions of this court, in cases involving convictions for possession of marijuana, the court *ex mero motu* reduced the sentences imposed by the trial judge. This was done on the theory that the maximum punishment provided by G.S. 90-95, effective 1 January 1972, was controlling. These two opinions are in *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207; and *State v. Smith,* 13 N.C. App. 583, 186 S.E. 2d 600.

Also in two opinions of this court, in cases involving convictions for possession of marijuana, the court made no changes in the sentences imposed by the trial judge. These two opinions are in *State v. Kistler,* 13 N.C. App. 431, 185 S.E. 2d 596; and *State v. Harvey,* 13 N.C. App. 433, 185 S.E. 2d 601.

Again in the present case we take no action upon the sentence of four years imposed by the trial judge. We do not agree with the reasoning of *State v. McIntyre, supra,* and *State v. Smith, supra.*

The rationale of *McIntyre* and *Smith* seems to be that G.S. 90-113.7(a) does not specifically mention punishment; therefore, it does no constitute a saving clause with respect to prior allowable punishment.

Also the rationale of *MyIntyre* and *Smith* seems to infer that "prosecution" is limited and terminated at the "trial" stage of a criminal action and that only the "prosecution" (trial) is saved by G.S. 90-113.7. We think "prosecution" has a much broader meaning. A "prosecution" is the means adopted to bring a suppcsed offender to justice and punishment by due course of law, and consists of the series of proceedings from the time when the formal accusation is made by the filing of an affidavit or a bill of indictment or information in the criminal court

State v. Godwin

until the proceedings are terminated. Words and Phrases, "Prosecution," Vol. 34A, p. 485. "Prosecution" is following up or carrying an action already commenced until the remedy be obtained, and, in criminal cases, is not complete until defendant begins to serve his sentence or the action is dismissed. See, *U. S. v. Gonware*, C.A. Cal., 415 F. 2d 82, 84. It is our opinion that "prosecution" includes every step in a criminal action, from its commencement to its final determination by appellate review or until defendant begins to serve his sentence without pursuing an appeal or until the action is dismissed.

The inference in *McIntyre* and *Smith* that "prosecution" is the equivalent of "trial" and that only the "prosecution " (trial) is saved by G.S. 90-113.7, would impel a determination that the legislature intended to amend G.S. 7A-272 so as to vest the Superior Courts with original jurisdiction to try misdemeanors in these possession of marijuana offenses arising before 1 January 1972. We do not think the legislature intended such a strained effect in either the restriction of the saving clause or the change in jurisdiction by inference.

"Frequently, statutes repealing statutes relating to crimes contain saving clauses as to crimes committed prior to the repeal. Where the repealing statute contains a saving clause as to crimes committed prior to the repeal, or as to pending prosecutions, the offender may be tried and punished under the old law. In such case, the crime is punishable under the old statute although no prosecution is pending at the time the new statute goes into effect." 50 Am. Jur., Statutes, § 572, p. 571.

G.S. 90-113.7(a), containing the saving clause, appears at the end of Article 5 known as the "North Carolina Controlled Substances Act." This is the normal placement of a saving clause when the legislature intends for it to refer to all of the preceding sections of the Article.

It appears to us that the legislature, as it had a right to do, specifically provided that the amendment to the punishment statute should not apply to persons who violated the law prior to 1 January 1972, regardless of when such person is tried or his appeal heard. G.S. 90-113.7 provides in section (a):

"Prosecutions for any violation of law occurring prior to January 1, 1972 shall not be affected by these repealers, or amendments, or abated by reason, thereof."

To make the meaning doubly clear, the legislature went further and provided in the negative that the amended and rewritten Article shall apply only to violations of the law occurring after 1 January 1972. Section (d) of G.S. 90-113.7 provides:

> "The provisions of this Article shall be applicable to violations of law, seizures and forfeiture, injunctive proceedings, administrative proceedings, and investigations which occur following January 1, 1972."

Even though the question of punishment has not been raised upon appeal, we agree that, if the maximum permissible punishment has been exceeded, the court should *ex mero motu* take some action to remedy the situation. However, we are of the opinion that the portions of the statute quoted above do not allow the benefits of the reduced sentence to persons who violated the law prior to 1 January 1972. This view is consistent with the opinions in *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 and *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698. *Spencer* was concerned with an amendment to G.S. 20-174.1(b) which was not limited in its time of application. *Pardon* was concerned with an amendment to G.S. 14-335 which was not limited in its application.

We hold that defendant had a fair trial, free from prejudicial error, and that the sentence imposed is within the limits allowed by the applicable law.

No error.

Judge VAUGHN concurs.

Judge HEDRICK concurs in part and dissents in part.

Judge HEDRICK concurring in part and dissenting in part.

While the *prosecution* of the defendant for the violation of the narcotic laws occurring prior to 1 January 1972 was not affected by the 1971 Act, in my opinion the principles enunciated in *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698 (1967), and followed in *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970), *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207 (1972), and *State v. Smith,* 13 N.C. App. 583, 186 S.E. 2d 600 (1972), are controlling, and the defendant has been con-

victed only of a misdemeanor. I vote to modify the judgment so as to reduce his sentence of imprisonment from four years to imprisonment for six months in the custody of the Commissioner of Corrections.