STATE OF NORTH CAROLINA v. AGNEW MOTT WILLIAMS III

No. 723SC66

(Filed 24 May 1972)

1. Criminal Law § 7— entrapment — invitation to sell drugs

In this prosecution for selling phenobarbital tablets to an S.B.I. agent, the trial court did not err in refusing to rule as a matter of law that defendant was entrapped by the agent when the agent invited defendant to sell drugs to him "if defendant wanted to find drugs to sell."

2. Narcotics § 4— sale of barbiturates — sufficiency of evidence

Evidence tending to show that defendant sold tablets containing phenobarbital and that phenobarbital is a derivative of barbituric acid was sufficient to be submitted to the jury in a prosecution for selling barbiturates in violation of former G.S. 90-113.2(5), it not being incumbent on the State to negative the proviso of G.S. 90-113.1(1) exempting from the definition of "barbiturate drug" compounds containing a sufficient quantity of another drug or drugs to cause the resultant product to produce an action other than its hypnotic or somnifacient action.

3. Narcotics § 5— sale of barbiturates — punishment — offense prior to Controlled Substances Act

A defendant convicted of an offense of selling barbiturates committed prior to 1 January 1972, the effective date of the North Carolina Controlled Substances Act, is subject to punishment under the former law and is not entitled to the more lenient punishment provisions of the Controlled Substances Act.

APPEAL by defendant from *Rouse, Judge,* 30 August 1971 Session of Superior Court held in CRAVEN County.

The defendant was tried on a bill of indictment, proper in form, charging him with the felony of selling a quantity of

phenobarbital tablets to S.B.I. Agent William H. Thompson on 14 August 1970.

The evidence for the State tended to show that on 7 August 1970, William H. Thompson (Thompson), an agent of the State Bureau of Investigation, contacted the defendant at a filling station where the defendant was employed. At that time Thompson informed the defendant that his name was "Bill," that he was from Wilmington and that he wanted to buy drugs. The defendant stated that he had a mescaline tablet with him but Thompson did not offer to purchase it. (Mescaline is a type of hallucinogenic drug.) On 14 August 1970, Thompson returned to the station and, after arguing about the price, purchased from the defendant for $15.00 some phenobarbital tablets which the defendant called "speed." Phenobarbital is a derivative of barbituate (sic) acid."

From a verdict of guilty as charged and judgment of commitment as a youthful offender, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Witcover for the State.*

*Ward & Ward by Kennedy W. Ward for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant contends that the trial judge should have ruled as a matter of law that the defendant was entrapped by Thompson. In this case the fact that Thompson left the impression that, if defendant wanted to procure drugs to sell, he would buy them did not result in the entrapment of the defendant. This was a mere exposure to temptation to sell drugs, a temptation which the defendant did not resist. Thompson invited the defendant to sell drugs to him "if defendant wanted to find drugs to sell." The evidence showed that defendant offered to obtain heroin, mescaline and LSD, and when Thompson first approached the defendant about drugs, the defendant stated he had a mescaline tablet with him, the implication being that he would have sold it at that time had Thompson offered to buy. It is incumbent upon a defendant to establish his defense of entrapment to the satisfaction of the jury, and the trial

judge correctly instructed the jury on this issue. *State v. Fletcher* and *State v. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971) ; *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965). Nor did the trial judge err in refusing to find as a matter of law that the defendant was entrapped by Thompson. 2 Strong, N. C. Index 2d, Criminal Law, § 7.

We do not deem it necessary to discuss defendant's assignments of error relating to the admission of evidence, the failure to strike some of the testimony, the refusal to require Thompson to give further answers to questions propounded by defendant, the alleged expression of opinion by the trial judge, the qualification of State's witness Pearce as an expert witness, and the fact that the trial judge permitted Pearce to state his opinion that the plastic vial was crushed in mailing. These assignments of error are all without merit and are overruled.

Defendant also contends, however, that the trial judge committed error in overruling his motion for nonsuit and for a directed verdict of not guilty at the close of all the evidence. The statute under which the defendant was charged and tried made it a violation of the law for any person to sell any barbiturate or stimulant drug. See G.S. 90-113.2 (5) prior to amendment effective 1 January 1972. Under G.S. 90-113.1 (1), prior to amendment effective 1 January 1972, it was provided in pertinent part:

"The term 'barbiturate drug' means:

a. Barbituric acid, the salts and derivatives of barbituric acid, or compounds, preparations or mixtures thereof . . . .

\*          \*          \*

. . . Provided, however, that the term 'barbiturate drug' shall not include compounds, mixtures, or preparations containing barbituric acid, salts or derivatives of barbituric acid, when such compounds, mixtures, or preparations contain a sufficient quantity of another drug or drugs, in addition to such acid, salts or derivatives, to cause the resultant product to produce an action other than its hypnotic or somnifacient action."

The State's evidence tended to show that the defendant sold tablets containing phenobarbital and that phenobarbital

is a derivative of barbituric acid. The defendant contends, however, that this evidence was insufficient to require its submission to the jury because the State's witness Pearce also testified that "I do not know whether or not the filler or the other contents of this capsule contained a sufficient quantity of another drug or drugs in addition to such acid, salts or derivatives to cause the resultant product to produce an action other than hypnotic or some other actions. I did not check that. I do not know whether it contained somnifacient or sufficient quantities of other drug or drugs. I do not know if it could have, for I did not run any tests."

In *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939), Justice Barnhill (later Chief Justice) said:

" * * * (I)t has long been settled in this State that although the burden of establishing the *corpus delicti* is upon the State, when defendant relies upon some independent, distinct, substantive matter of exemption, immunity or defense, beyond the essentials of the legal definition of the offense itself, the *onus* of proof as to such matter is upon the defendant. *S. v. Arnold,* 35 N.C., 184; *S. v. McNair,* 93 N.C., 628; *S. v. Buchanan,* 130 N.C., 660; *S. v. Smith,* 157 N.C., 578. * * * "

See also, *State v. Brown,* 250 N.C. 209, 108 S.E. 2d 233 (1959); *State v. Johnson,* 229 N.C. 701, 51 S.E. 2d 186 (1949); *State v. Holbrook,* 228 N.C. 582, 46 S.E. 2d 842 (1948); 7 Strong, N. C. Index 2d, Statutes, § 5; 22A C.J.S., Criminal Law, § 572.

[2] Nothing else appearing, phenobarbital, a barbituric acid derivative, is a barbiturate drug within the meaning of the statutes. [G.S. 90-113.1(1) prior to amendment effective 1 January 1972.] The sale of a barbiturate drug is one of the precise acts prohibited by G.S. 90-113.2(5) prior to the amendment effective 1 January 1972. The State's evidence tended to show that the defendant sold tablets containing phenobarbital, which is a barbiturate drug. When the State offered this evidence, it was sufficient to require submission of the case to the jury. It was not incumbent upon the State to negative the proviso then contained in G.S. 90-113.1(1) by allegation or proof. [See G.S. 90-113.4 prior to amendment effective 1 January 1972.] *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). If the defendant, under the proviso then contained in

the statute, wished to refute the evidence of the State that phenobarbital was a barbiturate drug, it was incumbent upon him to offer evidence to show to the satisfaction of the jury that these tablets he sold to Thompson contained, in addition to phenobarbital, a sufficient quantity of another drug or drugs to cause the resultant product to produce an action other than its hypnotic or somnifacient action. There was no evidence of the presence of any such drug in these tablets; hence, the trial judge correctly denied the defendant's motion for nonsuit and for a directed verdict of not guilty.

The defendant also assigns as error certain portions of the instructions given by the judge to the jury and the failure to charge on the effect of the defendant failing to testify. No request was made to instruct the jury on the effect of the failure of the defendant to testify, and when the charge is considered as a whole, no prejudicial error is made to appear therein.

The trial court did not, as defendant contends, commit error in the denial of his motions to set the verdict aside and for a new trial.

[3] The defendant filed a separate motion in arrest of judgment. The State contends this was not an appropriate way to bring to the court's attention the matters stated therein. In *State v. Fletcher* and *State v. Arnold, supra,* it is said: "(A) motion in arrest of judgment is one generally made after verdict to prevent entry of judgment based upon insufficiency of the indictment or some other fatal defect appearing on the face of the record." The defendant contends that the North Carolina Controlled Substances Act, which became effective 1 January 1972, repealed the former law and therefore that he could not be properly sentenced.

Under G.S. 90-113.7 of the new Act, effective 1 January 1972, it is stated that "Prosecutions for any violations of law occurring prior to January 1, 1972 shall not be affected by these repealers, or amendments, or abated by reason thereof." The word "prosecution" has been interpreted by this Court in *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207 (1972). This Court's decision in *McIntyre* was reversed by the Supreme Court on 10 May 1972. In light of the ruling by the Supreme Court in *McIntyre* and in view of the definition of the word

"prosecution" adopted by the Supreme Court of North Carolina in the case of *State v. Jesse Harvey, Jr.*, 281 N.C. 1, 187 S.E. 2d 706 (1972), as the "correct definition and . . . consistent with the legislative intent expressed in the Controlled Substances Act" and the holding therein that "(t)hus, the pre-exisiting law as to prosecution and *punishment* as set forth in Articles 5 and 5A, Chapter 90 of the General Statutes as written prior to 1 January 1972, remains in full force and effect as to offenses committed prior to 1 January 1972" (Emphasis added), we are of the opinion and so hold that defendant's motion in arrest of judgment, even if properly presented, should be and is hereby denied.

We have considered all of the defendant's assignments of error and, in the light of what we apprehend to be the interpretations of the applicable statutes by the Supreme Court of North Carolina, we are of the opinion that the defendant has had a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BROCK concur.