## 59207. SCHULMAN v. FEDERATED LIFE INSURANCE COMPANY.

BIRDSONG, Judge.

Death benefits. Federated Life Insurance Co. issued a group life insurance policy on March 1, 1967 to employer members of the Georgia-Florida Hardware Association who elect to enroll their employees under the plan. The policy requires that to be eligible for the coverage, one must be a "full-time" employee, defined as working 30-40 hours per week for the employer. The policy provides that insurance coverage of an employee terminates "upon the first day of the month next following the date of termination of employment." The deceased Charles Schulman, whose death benefits are sought by his widow, was insured as a "full-time" employee of Dux-Mixture Hardware & Supply Co. Schulman's name was listed on each monthly premium billing sent by the company until July, 1977, when the name was crossed out as having died in June, 1977. The deceased Schulman was the brother of David Schulman, owner and president of Dux-Mixture. Apparently, since 1967, Charles Schulman also owned a hardware store, called Peters Hardware; the two businesses were somehow related but technically distinct. The brothers performed business services for each other; but the affidavit of David Schulman, in support of Schulman's motion for summary judgment and in opposition of the Federated Life Insurance motion for summary judgment, avers that Charles Schulman never worked for Dux Hardware as a "full-time employee." The affidavit of Boone, the claims supervisor for Federated Life Insurance, states that after Charles Schulman died, David Schulman stated to Boone that Charles Schulman had worked for Dux Hardware an average of 30-40 hours per week up until three or four months before his death. The trial court granted summary judgment to Federated Insurance Co., and denied summary judgment to the appellant. *Held:*

The appellee Federated Life Insurance Co. agrees that the incontestable clause of the policy prevents appellee from challenging the validity of the policy on any argument that Charles Schulman was not a "full-time" employee of Dux Hardware, inasmuch as the policy had been in force ten years at the time of Charles Schulman's death (see Code § 56-2509; and *Gulf Life Ins. Co. v. Lanier,* 114 Ga. App. 277 (151 SE2d 161)). However, Federated says that it is undisputed that Charles Schulman ceased working for Dux Hardware three or four months before his death, and therefore he was ineligible for policy coverage as a matter of law. Appellant contends that since Charles Schulman was never a "full-time"

employee, logically he could not have "ceased work" three or four months before his death so as to be ineligible for coverage.

Federated contends that the terms of the policy which terminate coverage "upon the first of the month following the date of termination of employment" preclude recovery by the appellant because it is undisputed that Charles Schulman ceased work three or four months before his death. The argument of appellant, in effect, is that because Federated cannot and does not contest the validity of the policy upon grounds that Charles Schulman was never a "full-time" employee, Federated is precluded from asserting that Charles Schulman was not a "full-time" employee at the time of his death. The appellant's position is misplaced.

Code § 56-2701 (4) (a) provides that the policy may prescribe eligibility requirements which may pertain to the employment conditions of the individual insured under the policy; see also *Cutledge v. Aetna Life Ins. Co.*, 53 Ga. App. 473 (186 SE2d 208). Code § 56-2509 provides that the policy's incontestable clause shall not preclude the assertion at any time of defenses based on provisions in the policy which exclude or restrict coverage. While it is true, and admitted by the appellee, that there can be no contest of the validity of the policy, this does not preclude the appellee from insisting upon the eligibility requirements, as set forth in Code § 56-2509. It is undisputed that at the time of Charles Schulman's death he was not an employee of Dux Hardware so as to be eligible for coverage. This undisputed fact requires a judgment in favor of appellee pursuant to the eligibility requirements of the policy. See also *Ballinger v. C. & S. Bank of Tucker*, 139 Ga. App. 686 (229 SE2d 498). Summary judgment award to Federated was proper, as was the denial of the same to appellant; it is therefore unnecessary to consider appellant's argument as to her entitlement to attorney fees.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 11, 1980 — DECIDED APRIL 8, 1980 — REHEARING DENIED APRIL 30, 1980 —

*James M. Poe, Glover McGhee,* for appellant.
*James B. Hamilton,* for appellee.